In Re: Petition of Treeview. Treeview, Appellant.

Argued September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Bruce E. Cooper,* for appellant.

*Leonard Tintner,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 6, 1983:

Treeview, the appellant herein, is the owner of a forty-unit apartment complex in Lower Paxton Township, Dauphin County; and has appealed from an order of the Court of Common Pleas of Dauphin County relative to the tax assessment of the apartment complex for the period beginning in 1980.

Dauphin County had initially determined that, for the assessment period beginning in 1980, Treeview's apartment complex had an actual or market value of $536,760. For the period in question, the County assessed all taxable real estate on the basis of thirty percent of market value. Disputing the County's market valuation of its property, Treeview filed an appeal to

the County's Board of Assessment and Revision of Taxes (Board). On September 25, 1980, the Board, after having heard the matter, reduced the market valuation of Treeview's property to $496,580. Treeview took a further appeal to the Court of Common Pleas of Dauphin County.

The trial court heard the case on November 3, 1980. At that time, both the County and Treeview presented an expert witness on the issue of valuation. Both witnesses stated that market data and the income approach were used as the basis for their respective opinions. Using those methods, the County's expert witness arrived at a market valuation different from that reached in the Board's decision of September 25, 1980. According to this witness, the market value of Treeview's apartment complex was $427,067; which meant that the property would have an assessed value of $128,120. The witness for Treeview concluded that the property had a market value of only $333,400; which would mean an assessment value of approximately $100,000.

The trial court accepted the valuation opinion advanced by the County's expert witness. Accordingly, by an order dated November 14, 1980, the court determined that the actual or market value of Treeview's apartment complex was $427,067; and that the assessed value was $128,120. From that order the instant appeal followed.

Before this Court, Treeview asserts that it is the victim of a non-uniform assessment. We find that argument to be meritless. The appellant also argues that the market value determined by the trial court was against the weight of the evidence. The latter argument is, in our view, merely a challenge to the trial court's decision to accept as more credible and weighty the testimony advanced by the expert for the County. Hence, that argument must fail. *Penn Plastic Co., Inc.*

*Appeal,* 62 Pa. Commonwealth Ct. 179, 435 A.2d 943 (1981); *see Keebler Co. v. Board of Revision of Taxes of Philadelphia,* 496 Pa. 140, 436 A.2d 583 (1981).

We are satisfied that the trial judge in this case, Honorable WILLIAM W. LIPSITT, correctly decided the matter. Accordingly, we affirm the trial court's order; and we do so on the opinion of Judge LIPSITT, reported at     Pa. D. & C.3d     (     ).

### ORDER

AND Now, the 6th day of June, 1983, the order of the Court of Common Pleas of Dauphin County dated November 14, 1980, at No. 4648 S 1979, is affirmed.