Assessment Appeal of Penn Plastic Company, Inc., regarding the assessment by the Board of Assessment Appeals of Washington County of property located in Washington County, Pennsylvania.

Penn Plastic Company, Inc., Appellant.

180

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Debbie O'Dell, Seneca & O'Dell, P.C.,* for appellant.

*C. Jerome Moschetta,* with him *Richard DiSalle* and *William C. Porter,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., October 9, 1981:

The Penn Plastic Company, Inc., has petitioned us to review an order of the Court of Common Pleas of Washington County relative to the tax assessment of the company's real estate. The court below affirmed the decision of the Washington County Board of Assessment Appeals assessing the value of the company's property at $300,000 for the 1979 real estate taxes. Penn Plastic here challenges the validity of that assessment.

Penn Plastic owns a tract of land located in South Strabane Township, Washington County; the tract contains about 33 acres of surface land, upon which are situated buildings used for industrial purposes. The subject property, previously owned by the county industrial authority, was acquired by the instant taxpayer in June 1978 for $2,040,000.[1] During the years 1961 through 1978 the property had been assessed for tax purposes at approximately $335,000. In 1979, however, the county Board of Assessment Appeals reduced the assessment by about $35,000, bringing it to $300,000. Complaining that the assessment was still too high, Penn Plastic appealed to the Court of Common Pleas of Washington County.

Before the lower court, the taxpayer asserted that its realty had not been assessed in uniformity with other properties in the county. More specifically, the taxpayer contended that the common level ratio used by the county to compute the assessment was erroneous, arguing that the correct common level ratio was 7.7 percent instead of the 15 percent used by the taxing authorities. The parties stipulated that the property had a fair market value of $2,000,000.[2]

At the hearing pursuant to its appeal to the court below, Penn Plastic presented as its expert witness a research analyst for a consulting firm. This witness, who also was a former employee of the county taxing authorities, testified that he had analyzed 402 property sales which took place in the county during

---

[1] Penn Plastic's predecessor in title, the county industrial authority, had acquired the property in April 1978 from the Federal Paper Board Company for a stated consideration of $2,000,000. The additional $40,000 paid by Penn Plastic to purchase the property was for machinery that had been left on the premises by the Federal Paper Board Company.

[2] By excluding that part of the purchase price that represented machinery, the fair market value of the real estate itself was deemed to be $2,000,000.

July and August 1978, and concluded that the median ratio of assessed value to market value was 7.7 percent. The taxpayer also presented a retired associate professor of mathematics, who stated that the 402 sales used by the research analyst constituted an adequate sample and that the 7.7 percent figure was the correct arithmetic result based on such a sample. This latter witness acknowledged, however, that he had no expertise in real estate assessment.

The assessing agency called as its expert witness the president of a mass appraisal firm which had a contract with Washington County to revalue all the surface parcels of realty in that county. This witness testified that he had examined all the real estate transfers in the county for the year 1976 and had arrived at a common level assessment ratio of 14.57 percent. He further stated that the sample utilized by the taxpayer's expert witness was not representative of the properties in the entire county and did not include all the sales in the taxing district for a complete year.

In March 1980 the trial judge issued an opinion upholding the $300,000 assessment, that decision being based on the testimony of the taxing authorities' expert witness that the common level assessment ratio in Washington County was approximately 15 percent.[3] When a court *en banc* entered a per curiam order dismissing the taxpayer's exceptions the instant appeal followed.

Urging us to reverse the lower court, Penn Plastic reiterates its contention that its property was not assessed in uniformity with other real estate in the taxing district. Upon the record before us we reject that contention.

---

[3] This figure was rounded to 15.0 percent by the taxing authorities.

In the instant case the taxpayer's contention is merely a challenge to the trial court's decision to accept as more credible and more weighty the view advanced by the witness for the taxing body. Like other challenges to a fact-finder's resolution of the credibility and weight of conflicting evidence, this contention cannot prevail.[4]

Therefore, we affirm the order of the court below; and, in doing so, we adopt the able opinion of the trial judge who heard this case.

## ORDER

AND Now, the 9th day of October, 1981, the Order of the Court of Common Pleas of Washington County at No. 28 of January Term 1979, is affirmed.

---

[4] *See, e.g., Keebler Co. v. The Board of Revision of Taxes of Philadelphia*, Pa.    ,    A.2d    (No. 80-3-794, filed July 8, 1981).