In Re: Reassessment Appeal of Frank Bonin.
Frank Bonin, Appellant.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*David L. Kurtz,* for appellant.

*Robert L. Knupp, Knupp and Andrews, P.C.,* for appellee.

OPINION BY JUDGE BLATT, March 11, 1982:

The appellant, Frank Bonin, appeals a decision of the Court of Common Pleas of Bradford County denying his challenge of the assessment of five parcels of his land.

In his appeal before the court below, the appellant alleged that the Bradford County Board of Assessment had used, in assessing five parcels of his land, an illegal method of appraisal known as the "replacement cost less depreciation method." Additionally, he alleged that the county's assessment ratio of 25 percent of actual value was not the actual or common level of assessment utilized throughout the county. Finally, the appellant alleged that the market value of the parcels involved was less than that determined by the Board. After holding hearings, the court below

granted the appellant partial relief[1] but found that the county's method of appraisal was legal because it utilized a "multitude of factors" in arriving at a fair market value for the parcels and, that the appellant failed to meet his burden of proving a lack of uniformity of taxation.

Before us, the appellant contends that the court below erred in (1) finding that the county did not utilize the replacement cost less depreciation method, and (2) in disregarding as immaterial a sales ratio study prepared by a witness for the appellant.

In a tax assessment appeal case where, as here, the court below has taken evidence, our scope of review is limited as follows:

> The court of common pleas is the fact finding body ... [and] it is clear that the findings of the court of common pleas have great force and will not be set aside by this Court unless *clear error* is made to appear. . . . Nor will the appellate court disturb the findings and substitute its judgment for that of the court of common pleas, because it is clear that market value is a factual question to be determined by the trial court on the basis of expert testimony. (Citations omitted.)

*Marx Tax Assessment Case,* 31 Pa. Commonwealth Ct. 496, 500, 377 A.2d 199, 200 (1977) (emphasis added) (quoting *Park Drive Manor, Inc. Tax Assessment Case,* 380 Pa. 134, 136-37, 110 A.2d 392, 394 (1955)).

As to the appellant's first contention that the county utilized an illegal method of assessment, our close examination of the record reveals no clear error by the court below in finding that proper methods were in fact utilized. For example, the county's chief assessor

---

[1] The court below corrected some obvious errors as to the number and quality of campsites that the appellant owned.

testified at great length that factors[2] other than replacement cost less depreciation were the major considerations *actually used* in determining fair market value. In short, the court below assigned great weight to this testimony and chose to disregard other conflicting testimony. We do not believe, however, that such disregard was capricious or in error but rather was a valid exercise by the lower court of its power to resolve conflicting evidence. *Assessment Appeal of Penn Plastic Company, Inc.,* 62 Pa. Commonwealth Ct. 179, 435 A.2d 943 (1981).

Concerning the appellant's second contention, we have recognized that a property owner asserting a lack of assessment-ratio uniformity bears the burden of proving that a lower ratio of assessed value to actual value has been applied to property similar to his. *Valley Forge Golf Club, Inc. Tax Appeal,* 3 Pa. Commonwealth Ct. 644, 285 A.2d 213 (1971). Here, the appellant contends that the testimony of his expert should not have been disregarded by the court below, and therefore, that such disregard precluded him from carrying his burden. It is, however, firmly established that a trial judge's rulings on the admissibility or not of expert opinions will not be reversed on appeal except for clear error. *See, e.g., Calcagni v. Board of Assessment Appeals,* 55 Pa. Commonwealth Ct. 39, 423 A.2d 24 (1980); *New Castle Central Renewal Associates Appeal,* 36 Pa. Commonwealth Ct. 584, 389 A.2d 225 (1978). In the instant matter, we believe that the court below did not err in assigning[3] little probative value to the testimony and assessment study offered

---

[2] The county's chief assessor testified that such factors included, *inter alia,* market value, age, size, and location. He also stated that depreciation was used only as an element in arriving at the market value factor, and that replacement cost was not utilized.

[3] The court below did not exclude the testimony of the appellant's expert but simply found it not to be persuasive.

by the appellant's expert, Dr. Sauerlender.[4] Dr. Sauerlender testified that he, himself, was not an expert in property valuation and had never testified as an expert in property valuation. Additionally, he testified that in making his study of sales ratios in Bradford County for 1978 over one-half of the total sales for that year were "eliminated" by another "expert" and that he used the remaining sales as a basis for his theory of assessment discrimination. Dr. Sauerlender did not testify, however, nor did other evidence establish, that the "expert" he relied upon for the elimination of over half of the sales in the county for 1978, *did in fact* eliminate those transactions which were allegedly properly excludable.[5]

Inasmuch as we have recognized in *Calcagni* that a lack of assessment uniformity[6] is not demonstrated by *selectively* directing the court's attention to recent sales, and because Dr. Sauerlender by his own admis-

---

[4] Dr. Sauerlender was an economist and professor at Penn State University.

[5] Sales were eliminated for the following reasons which the appellant alleged provided a proper basis for exclusion from the study: (1) it was a transfer between affiliated corporations; (2) it was a mineral rights sale; (3) it was a sale of a part interest; (4) it was a sale between relatives having the same surname; (5) the grantor or grantee was a sheriff or a governmental entity; (6) the sale was for $1.00; or (7) the assessment did not depict the property that was sold. We note, however, that the county contended before the court below that potential flaws existed in this system of elimination. For example, Dr. Sauerlender testified that, in considering a transfer from a Township to another party, it would be automatically excluded (solely because a governmental entity was involved) regardless of the sale price and whether or not it was a truly representative sale. Further, he testified that in making the study that he was unable, due to prohibitive expense, to examine the individual circumstances surrounding each sale before elimination was decided.

[6] Before the appellant can assert nonuniformity of assessment, he must establish clear and accurate proof of uniformity. *Valley Forge Golf Club, Inc. Tax Appeal.*

sion was not an expert in property valuation, we decline to hold that the court below committed clear error either in giving little weight to Dr. Sauerlender's testimony or in ultimately concluding that the appellant failed to carry his burden of proving assessment discrimination here. *Penn Plastic; Calcagni.*

We will, therefore, affirm the order of the court below.

### ORDER

AND Now, this 11th day of March, 1982, the order of the Court of Common Pleas of Bradford County in the above-captioned matter is affirmed.

