In the Matter of the Act of October 7, 1976, P.L. 1101, No. 223, Providing for Increase in Salaries of County Officers.

John R. Kestler, Treasurer of Elk County, Appellant.

Argued October 6, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT and WILLIAMS, JR.

*Robert S. Adams, Sutter, Sutter & Adams,* for appellant.

*Gordon J. Daghir,* for appellee, County of Elk.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 5, 1982:

Although our holding today on this appeal is of enormous consequence to county officials across the Commonwealth, the issue is deceptively simple: whether elected county officials, who had received compensation increases under a state statute which was subsequently declared by our Supreme Court to be constitutionally inapplicable, are required now to reimburse the county for such unauthorized receipts.

The Act of October 7, 1976, P.L. 1101, 16 P.S. §11011-1[1] (hereinafter "Act 223") establishes compensation increases for certain county officials; Section 2 of Act 223 provides that it "shall take effect immediately and shall be applicable to each officer *when permitted by the Constitution of the Common-*

---

[1] Act 223 has been amended by the Act of November 1, 1979, P.L. 246, but the amendment is not applicable since this action arose prior to the amendment's effective date.

*wealth of Pennsylvania."* (Emphasis added.) Since the Supreme Court decision in *Bakes v. Snyder,* 486 Pa. 80, 403 A.2d 1307 (1979), John Kestler, Elk County Treasurer, has refused to sign any pay vouchers for the affected officials at either the Act 223 rates or the former pay rates. The common pleas court[2] held that the county officials need not return pay increases previously received, but must be paid at the rate established prior to Act 223.

On December 19, 1978, the common pleas court, in *Oblackovich v. McCormick,*[3] held that Act 223 permitted payment of increased salaries to elected officers holding office on the date that the Act took effect. Six months later, our Supreme Court in *Bakes v. Snyder,* held that Art. III, §27 of the Pennsylvania Constitution[4] prohibits public officials elected as of Act 223's effective date from receiving increased salaries. The Counties then asked for a judicial determination of whether or not these officials so affected must refund the increases. The court held that the increased compensation received prior to *Bakes* need not be refunded. Kestler appeals. We reverse in part and remand.

Elk and Cameron Counties, appellees, contend first that, since the Treasurer neither presented testimony nor argument at the hearing,[5] he is precluded from presenting the issue to us. We disagree for two reasons.

---

[2] The Common Pleas Court for the Fifty-ninth Judicial District, which is comprised of Elk and Cameron Counties.

[3] No. 1977-4842 (Fifty-ninth Judicial District C. P. Pa. 1978).

[4] "No law shall extend the term of any public officer, or *increase* or diminish *his salary* or emoluments *after his election* or appointment." (Emphasis added.)

[5] The lower court order indicates that none of the affected parties proffered either testimony or legal argument at the hearing on the petition for declaratory judgment.

First, the court below specifically ordered that "the affected public officials . . . need not return to [the] counties all pay increases made . . . under Act 223[6] To us, there can be no doubt that this question *has* been addressed below.[7] Secondly, assuming it had not been raised below, the exception to the general rule of law that an issue not previously raised may not be considered by appellate court is where public policy is concerned. *See Muse-Art Corp. v. Philadelphia,* 373 Pa. 329, 333, 95 A.2d 542, 543 (1953). The appropriation or misappropriation of public funds is obviously a public policy matter.

We have, without doubt, been instructed that public officials, albeit in good faith, having received salary increases as provided in Act 223 during their tenures, must now refund this additional compensation. In *Bakes,* the Supreme Court held that our Constitution restrains the General Assembly from increasing an elected official's salary during his tenure. Since the Legislature has expressly admonished that Act 223 applies only "when permitted by the Constitution of the Commonwealth of Pennsylvania" and, since Article III, §27 of our Constitution clearly pro-

---

[6] We recognize the good faith attempt by the Counties to ascertain whether or not the county officials were entitled to salary increases during their tenure. After the *Oblackovich v. McCormick* decision, Elk County requested the State Attorney General to advise on the issue of retroactive payment of the salary increase set forth in Act 223. The Attorney General's office responded that the county solicitor was the proper source of advice since the matter involved "purely local prerogatives," i.e., the monies used to pay the increases would derive solely from local funds. The Elk County solicitor then concluded that the salary provisions of Act 223 were applicable to the officials elected prior to the Act's effective date and that retroactive payments could be made.

[7] The Counties' petition specifically requested the lower court to determine whether or not the affected county officials were required to return all pay increases made under Act 223.

hibits salary increases during a public official's tenure, the additional compensation under Act 223 constituted an overpayment.

Our Supreme Court, addressing a similar issue in *Loushay Appeal,*[8] 370 Pa. 453, 459, 88 A.2d 793, 795-96 (1952), held that payment of public funds by public officials as compensation under an authorizing statute which is subsequently declared to be unconstitutional or inapplicable may be recovered by the county. In *Cotlar v. Warminster Township,* 8 Pa. Commonwealth Ct. 163, 302 A.2d 859 (1973), we held that reimbursement of unauthorized disbursements to township supervisors is required, *even though the supervisors acted in good faith and were bolstered by a township solicitor's opinion that the payments were legally permissible.*

There is no inherent right in the county officials to keep the additional compensation, since they are entitled only to the salary expressly authorized by statute. *See County of Allegheny v. Grier,* 179 Pa. 639, 36 A. 53 (1897). That public officials received illegal payments in good faith and without fraudulent intent does not relieve them of surcharge liability.

We reject appellees' claim that the common pleas court decision, *Oblackovich v. McCormick,* constitutes

---

[8] In *Loushay,* the county auditors surcharged the county commissioners for money which the commissioners paid to themselves pursuant to the Act of May 14, 1949, P.L. 1359, 62 P.S. §2253, which provided for an expense allowance of $1,000.00 per year. Prior to the Act's passage, the commissioners had been reimbursed on an out-of-pocket basis for expenses. The Supreme Court held that the payment to the commissioners of the expense allowance permitted under the Act of 1949 constituted a salary increase which was prohibited by Article III, §13 of the Pennsylvania Constitution of 1874 since the officers took office nearly a year and a half *prior* to the Act's effective date. (The original text of Article III, §13 is identical with the current Article III, §27.)

the "law of the case".[9]   This doctrine is triggered only when an *appellate court* has decided the issue, *see Delaware River Port Authority v. Public Utility Commission,* 408 Pa. 169, 174, 182 A.2d 682, 684 (1962), hence, it has no application here.

Reversed in part and remanded.[10]

## ORDER

The Fifty-ninth Judicial District Common Pleas Court order, dated October 29, 1979, is reversed as to

---

[9] The doctrine of "the law of the case" is that, when an appellate court has considered and decided a question submitted to it on appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced that it was erroneous. *Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 394, 100 A.2d 595, 598 (1953). This doctrine expresses the court's general practice to refuse to reopen what has already been decided.

[10] In the celebrated excursion into the validity of the Philadelphia City Council-ordered salary increases for certain elected officials (the Sheriff, the Register of Wills, City Commissioners and the District Attorney), this Court stopped short of determining whether mispaid or overpaid officials were legally responsible for reimbursement or who, if anyone, could seek relief for such misspending. *Schwartz v. Consumer Education and Protection Association,* 58 Pa. Commonwealth Ct. 444, 460 n. 19, 462 n. 24, 463 n. 28, 428 A.2d 711, 718 n. 19, 719 n. 24, 720 n. 28 (1981). While our Supreme Court has determined on appeal that the salary increases for City Council members themselves, the Mayor, City Controller and Clerk of Quarter Sessions were improper, *Consumer Education and Protection Association v. Schwartz,*     Pa.    , 432 A.2d 173 (1981), no decision has been rendered on the propriety of present or past City Council-initiated increases or, if found improper, individual responsibility for reimbursement. A decision by our Supreme Court regarding the pay increases of the Sheriff, Register of Wills, City Commissioners and the District Attorney, *see Consumer Education and Protection Association* at    n. 8, 432 A.2d at 175 n. 8, may have obviated the necessity to litigate the present action, or at least, it would have provided this Court with ultimate direction for a determination of the issues contained herein.

its direction that affected public officials of Cameron and Elk Counties need not return pay increases made under the Act of October 7, 1976, P.L. 1101, 16 P.S. §1101-1 (Act 223). We affirm, however, the direction that these same county officials must be paid at the rate established prior to Act 223. We remand for proceedings not inconsistent with this opinion.

Judge WILLIAMS, JR., dissents.

Judge PALLADINO did not participate in the decision in this case.