Appeal of Mellon Bank, N.A. From Assessment of Property in the Second Ward of the City of Pittsburgh etc. Mellon Bank, N.A., Appellant.

Argued October 5, 1983, before Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*Edward W. Seifert,* with him *Richard T. Wentley* and *Janie L. Pressley, Reed, Smith, Shaw & McClay,* for appellant.

*D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, November 22, 1983:

Mellon Bank, N.A. (taxpayer) appeals here an order of the Court of Common Pleas of Allegheny County which assessed the fair market value on one of the taxpayer's banks[1] at 9 million dollars for the 1980 tax year and at 9½ million dollars for the 1981 tax year.[2]

After an initial determination as to value by the Board of Property Assessment (Board), the taxpayer exercised its right of de novo review and appealed that determination to the court of common pleas. At trial, both the taxpayer and the City of Pittsburgh (City) presented expert testimony relating to the value of the property in question. The trial judge, as a fact-finder, accepted the figures of the City's witness and assessed the property accordingly. The taxpayer then filed the instant appeal.

Our scope of review in a tax assessment appeal is limited to determining whether or not the trial court committed an error of law or abused its discretion in calculating the fair market value of the property in

---

[1] The building is located at 514 Smithfield Street, in downtown Pittsburgh. The figures represent a total value for both the building and the land upon which it is situated.

[2] The trial court's order also stated that "the applicable current level ratio of 25% is to be applied for assessment determination".

question. *Appeal of Chartiers Valley School District,* 67 Pa. Commonwealth Ct. 121, 447 A.2d 317 (1982), *appeal dismissed,* Pa. , 456 A.2d 986 (1983). And, the findings of the trial court must be given great force and will not be disturbed unless clear error appears. *Id.*

The taxpayer argues first that this case should be remanded for a new trial inasmuch as the trial judge neither made specific findings of fact nor wrote an opinion accompanying his final order.

Relevant to the determination of the issue raised here is Pa. R.A.P. 1925(a) which provides:

Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

This rule requires a trial judge to file a brief opinion in support of its order "if the reasons for the order do not already appear of record." Here, although the trial judge's order is very brief, we agree with the City that the rationale upon which the order is based is actually apparent, albeit minimally.

The only issue presented to the trial court was that of fair market value, and he clearly made a credibility determination in regard to the conflicting testimony of the two expert witness appraisers. We do not believe, therefore, that the case need be remanded.[3]

---

[3] Although the taxpayer requests a new trial, even if we held in its favor, we would then simply order the trial judge to write an opinion in accordance with Pa. R.A.P. 1925(a). A new trial would clearly not be required.

We would emphasize, of course, that effective appellate review can be more readily accomplished when the order of a trial court is accompanied by detailed findings of fact, conclusions of law, and relevant legal discussion. And, although, in the interests of judicial economy, we will not remand this matter to the trial judge, we would strongly prefer that common pleas judges would follow the prescription of Pa. R.A.P. 1925(a) and thereby avoid the type of problem here presented on appeal.

The taxpayer also argues that the trial court abused its discretion by entering an order not supported by credible or competent evidence. The key evidence presented here was the testimony of the two property appraisers. Both were considered knowledgeable in their field and were well-qualified as expert witnesses. Both employed the proper methods of evaluation.[4] And, it is well-established that the trial judge is the fact-finder in a tax assessment appeal, *Park Drive Manor Tax Assessment Case,* 380 Pa. 134, 110 A.2d 392 (1955), and that all matters of credibility and evidentiary weight are in the province of the fact-finder. *In Re: 701 Liberty Avenue Realty Co.,* 70 Pa. Commonwealth Ct. 377, 453 A.2d 59 (1982). Here, the trial judge accepted the figures of the City's witness, and, without a showing of clear error, *Chartiers Valley School District,* he must be affirmed. Our careful examination of the record reveals no such clear error.

We will, therefore, affirm the order of the trial court.

### ORDER

AND Now, this 22nd day of November, 1983, the order of the Court of Common Pleas of Allegheny

---

[4] Income analysis and market data evaluations were used. See *Chartiers Valley School District* for further illumination on these techniques.

County in the above-captioned matter is hereby affirmed.