In Re: Appeal—Edward G. Kriebel Tax Assessment. Clarion County Board of Assessments and Revisions of Taxes, Appellant.

In Re: Appeal—Edward G. Kriebel Tax Assessment. Edward G. Kriebel and Ruth Kriebel, Appellants.

Submitted on briefs October 5, 1983, to Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*Henry Ray Pope, III, Pope and Pope,* for appellant, Clarion County Board of Assessments and Revisions of Taxes.

*Al Lander, Greco & Lander, P.C.,* for appellants, Edward G. and Ruth Kriebel.

OPINION BY JUDGE MACPHAIL, January 10, 1984:

Edward G. and Ruth Kriebel and the Clarion County Board of Assessment and Revision of Taxes (Board) have filed cross appeals from an order of the Court of Common Pleas of Clarion County involving the Kriebels' real estate tax assessment appeal for the 1981 tax year.

The disputed tax assessment in this case involves a property owned by the Kriebels in Clarion County on which they constructed a home during 1969-70.

Pursuant to a 1974 county-wide reassessment, which became effective with the 1975 tax year, the property and home were appraised at a fair market value of $196,467. The assessed value at that time, applying the predetermined ratio of assessed value to fair market value of one-third, was $65,489.

The Kriebels did not challenge this assessment until 1980, when they presented a challenge to the Board for the 1981 tax year.[1] The final result of the Kriebels' appeal was a reduction in the property's appraised value to $122,124 with a commensurate decrease in assessed value to $40,708. Despite this reduction the Kriebels appealed to the court of common pleas apparently alleging that both the appraised value and the ratio of assessed value to fair market value applied by the Board were too high. As a result the Kriebels claimed they were entitled to a refund of taxes which were allegedly overpaid for the tax years 1975-1980.[2]

The court of common pleas, following several days of hearings, rendered a decision in which it concluded that the assessment was invalid because it was im-

---

[1] The fact that the Kriebels did not appeal the assessment when originally set does not preclude the instant appeal. Section 701(b) of The Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.701(b) provides that, "Any person aggrieved by any assessment *whether or not the value thereof shall have been changed since the preceding annual assessment* . . . may appeal to the board for relief." (Emphasis added.)

[2] The Kriebels based their request for relief on Section 703.3 of the Law, 72 P.S. §5453.703c, which provides as follows:

Whenever through error an assessment is made more than fifty per cent greater than it should have been, and taxes are paid on such incorrect assessment, the board, upon discovery of such error and correction of the assessment may order a refund to the date of the commencement of the error.

properly based on the reproduction cost method of determining actual value.[3] The Board filed a petition for reconsideration which was granted[4] and the court entered a second opinion and order concluding that the Kriebels had indeed failed to prove that their assessment was based on the cost approach. The court further concluded that it was bound by the Board's reduced valuation of $122,124 and that a 1980 common level ratio of 16.42% testified to by the Board should be applied to determine assessed value. The Kriebels and the Board[5] have filed cross appeals from the court's final determination.

The primary issue raised by the Board is whether or not the court of common pleas erred in considering itself bound by the Board's property valuation of $122,124. The Board contends that its valuation constituted a correction or adjustment of the original

---

[3] The "reproduction cost" approach involves a determination of value based on the cost of reproducing the improvement, minus depreciation. Our Supreme Court has held that "reproduction cost has no probative value for any purpose in fixing the fair market value of improved real estate for tax purposes." *Buhl Foundation v. Board of Property Assessment*, 407 Pa. 567, 571, 180 A.2d 900, 902 (1962). We observe, however, that a recent amendment to Section 602(a) of the Law, 72 P.S. §5453.602(a) provides that, "In arriving at the actual value, all three methods: namely, cost (reproduction or replacement, as applicable, less depreciation and all forms of obsolescence), comparable sales and income approaches, must be considered in conjunction with one another." This amendment applies only to appeals initiated after January 1, 1983 and, thus, is not applicable here. *See* Section 8 of the Act of December 13, 1982, P.L. 1173.

[4] Although the common pleas court states in its opinion that there is "no merit" to the reconsideration request, we think the remainder of the opinion and the order entered make it clear that reconsideration was, in fact, granted by the court. We believe that the court's initial statement simply includes a typographical error.

[5] The Board is given standing to appeal to this Court by Section 705 of the Law, 72 P.S. §5453.705.

1974 appraisal and that the valuation challenged by the Kriebels is based on 1974 values. Thus, the Board contends that the $122,124 valuation does not represent the 1980 fair market value of the property, but rather relates back to the county-wide reassessment year of 1974. The Board further argues that the 16.42% ratio found by the court constitutes the common level ratio in Clarion County *for 1980* and should only be applied to 1980 fair market values. The Board accordingly, argues that if the court decided that the 1980 ratio of 16.42% should be applied, then the court should also have determined the property's actual value as of 1980. Conversely, the Board contends that if a 1974 value is used, then the 1974 predetermined ratio of approximately 33% should be applied.

Whether or not the Board is correct in its analysis, we do agree that the common pleas court erred when it failed to independently determine the fair market value of the Kriebels' property as of 1980. It is clear that the proceedings in the trial court are de novo, *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965), and that the court in a tax assessment appeal is the finder of fact. *Park Drive Manor Tax Assessment Case,* 380 Pa. 134, 110 A.2d 392 (1955). In tax assessment appeals it is the court's duty to: 1) determine the property's fair market value on the basis of the competent, credible and relevant evidence presented by the parties, 2) determine the current ratio of assessed to market value in the county and 3) direct the application of that ratio to the fair market value found by the court.[6] *Deitch Co.* Moreover, where both the taxpayer and the board or taxing authorities have presented evidence of cur-

---

[6] A recent amendment to Section 704 of the Law, 72 P.S. §5453.704 has clarified the court's role in assessment appeals. Section 704 now provides that:

rent fair market value, it is up to the court to weigh the evidence and its determination of fair market value may exceed that set by the board. *See North Canton Enterprises of Pennsylvania, Inc. v. Township of Ross,* Pa. Commonwealth Ct. , 459 A.2d 1366 (1983); *Valley Forge Golf Club, Inc. Tax Appeal,* 3 Pa. Commonwealth Ct. 644, 285 A.2d 213 (1971).

In the instant case both the Kriebels and the Board introduced evidence of the 1980 fair market value of the subject property which ranged from $188,000 to $300,000.[7] Both parties also submitted evidence of the applicable ratio of assessed to market value in 1980: the Kriebels alleged a ratio of 13.89% while the Board contended that the proper ratio was 16.42%. Although the trial court did accept the Board's ratio of 16.42%, it failed to make its own fact finding of fair market value. Instead, the court stated that while it was of the opinion that the property was

___

(b) In any appeal of an assessment the court shall make the following determinations:

    (1) The current market value for the tax year in question.

    (2) The common level ratio.

(c) The court, after determining the current market value of the property for the tax year in question, shall then apply the established predetermined ratio to such value unless the common level ratio varies by more than fifteen per centum (15%) from the established predetermined ratio, in which case the court shall apply the common level ratio to the current market value of the property for the tax year in question.

This amendment is applicable to assessment appeals filed after January 1, 1983. *See supra* note 3.

[7] We observe that the Kriebels' own expert witnesses testified to 1980 fair market values of the subject property which were substantially in excess of the challenged valuation of $122,124. This fact would appear to lend credence to the Board's position that the $122,124 value is expressed in terms of 1974 dollars.

"grossly undervalued", it considered the valuation question to be one solely within the Board's province and that it was bound by the valuation of $122,124. We think the court erred in so ruling and conclude that we must vacate the court's order and remand for a determination of fair market value and a re-evaluation of the applicable common level ratio.[8]

The Kriebels, in their cross appeal, have also presented several issues. In light of the foregoing analysis, however, only two remain for our disposition: 1) whether the common pleas court erred in reconsidering its original order and 2) whether the court erred in concluding that the Kriebels were not entitled to a refund for taxes which were allegedly overpaid during the tax years 1975-1980.

It is, of course, within the judicial discretion of the common pleas court whether or not to grant a petition for reconsideration. The court's decision may not be reversed on appeal absent an abuse of that discretion. *Sherman v. Yoder,* 59 Pa. Commonwealth Ct. 430, 430 A.2d 347 (1981). When exercising judicial discretion the trial judge should act with due regard to what is equitable and right under the circumstances and the law. *Id.* The trial judge here initially decided that the Board's 1974 appraisal was improper because it was based on the cost approach to valuation. On reconsideration, however, the court determined that the Kriebels had, in fact, failed to meet their burden of proving that the valuation was based on improper considerations. The evidence re-

---

[8] The Kriebels contend that certain evidence introduced by the Board should not have been considered by the common pleas court. Because the trial court has not yet ruled on certain of the evidentiary challenges and since we are remanding for reconsideration of all the evidence presented, we think the evidentiary issues should be left for the trial court to resolve in the first instance.

lied upon by the Kriebels was the testimony of the County's chief assessor, elicited on cross-examination, to the effect that although he did not work for the county in 1974 and although an independent company performed the appraisal, he *presumed* that the cost approach was used in valuing the Kriebels' property since he knew of no comparable properties in the county which could be used for the market data approach of valuation. The court concluded on reconsideration that this testimony was speculative and did not provide a credible basis for finding the county's valuation to be invalid. We find no error in the ruling and, accordingly, will not disturb it on appeal.

The Kriebels' final argument is that the common pleas court erred in concluding that they are not entitled to any refund for taxes paid during prior years. In view of our conclusion that a remand is in order for further proceedings, we are unable to determine whether the Kriebels ultimately might be eligible for a refund. In any event, we observe that Section 703.3 of the Law, 72 P.S. §5453.703c, provides that upon discovery of assessment errors of more than 50%, the Law *permits,* but does not require, the Board to order a refund. We conclude that the Kriebels have not, at this point, established their entitlement to a refund.

We, accordingly, will vacate the order of the court of common pleas and remand for further proceedings consistent with the foregoing opinion.

ORDER

The order of the Court of Common Pleas of Clarion County, dated August 26, 1982, is hereby vacated and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.