In Re: Jim Thorpe Borough Liquor Store Protest. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 3, 1984, before Judges MACPHAIL, COLINS and BARBIERI, sitting as a panel of three.

*Felix Thau,* Assistant Counsel, with him, *Gary F. DiVito,* Chief Counsel, for appellant.

*Michael J. Garfield, Garfield & Zeigler,* for appellees.

OPINION BY JUDGE BARBIERI, July 11, 1984:

The Pennsylvania Liquor Control Board (Board) appeals here from an order of the Court of Common Pleas of Carbon County which sustained a protest filed by certain taxpayers to the proposed relocation of a state liquor store in the Borough of Jim Thorpe. The appellees, in turn, have filed a motion to dismiss pursuant to Pa. R.A.P. 1972. We shall grant the motion to dismiss.

The taxpayers, alleging that the proposed site of the liquor store was too close to a church, filed their protest pursuant to the provisions of Section 301 of the Liquor Code (Code),[1] which reads in pertinent part as follows:

The Board shall establish, operate and maintain at such places throughout the Commonwealth as it shall deem essential and advisable, stores to be known as ''Pennsylvania Liquor Stores'' for the sale of liquor. . . . When the board shall have determined upon the location of a liquor store in any municipality, it shall give notice of such location by public advertisement. . . . If, within five days after the appearance of such advertisement, or of the last day upon which the notice was posted, fifteen or

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §3-301.

more taxpayers residing within a quarter mile of such location . . . shall file a protest with the court of common pleas of the county averring that the location is objectionable because of its proximity to a church, a school, or to private residences, the court shall forthwith hold a hearing affording an opportunity to the protestants and to the board to present evidence. . . . If the court shall determine that the proposed location is undesirable for the reasons set forth in the protest, the board shall abandon it and find another location. . . .

At the subsequent hearing on the protest, evidence was adduced concerning, *inter alia,* the proposed location of the liquor store and the activities of a church near the site. After evaluating this evidence, the court issued a decision in which it initially noted, citing *Larkin v. Grendel's Den, Inc.,* 459 U.S. 116 (1982),[2] that it believed that Section 301 of the Code might violate the establishment of religion clause of the First Amendment. The court concluded, however, that it could not address this issue since it had not been raised by the parties. The court then sustained the taxpayers' protest on the ground that the proposed location of the liquor store was "immediately adjacent" to a church. The present appeal followed.

Before this Court, the sole issue[3] raised by the Board is whether Section 301 of the Code violates the

[2] In *Larkin,* the United States Supreme Court found a Massachusetts statute which permitted the governing bodies of churches and schools to veto applications for liquor licenses for premises within five hundred feet of a church or a school to be in violation of the establishment of religion clause of the First Amendment.

[3] Although in its brief to this Court, the Board has included in its statement of the questions involved a question concerning this Court's jurisdiction over this appeal, both the Board and the appellees agree, quite correctly, that we have jurisdiction over this matter. We shall accordingly not address this "issue" in detail.

establishment of religion clause of the First Amendment when it is applied to prohibit the location of liquor stores near churches. The appellees, for their part, assert in their motion to dismiss, *inter alia,* that this issue may not be addressed here because the Board failed to raise it before the common pleas court. Since we agree with the appellees, we need not address the constitutional issue raised here by the Board.

The well-settled general rule is " 'that matters not properly raised in, or considered by, the tribunal below cannot be considered on appeal, even though such matters involve constitutional questions.' " *Amos v. Commonwealth ex rel. Borough of Waynesburg,* 44 Pa. Commonwealth Ct. 547, 549-50, 404 A.2d 743, 744 (1979) (quoting *Richland Township v. Hellerman,* 30 Pa. Commonwealth Ct. 438, 441, 373 A.2d 1367, 1369 (1977)). Here, it is undisputed that (1) the Board did not raise any constitutional issues before the common pleas court, and (2) that the court did not rule on any constitutional issue.

In its brief to this Court, however, the Board notes that we indicated, in dicta, in our decision in *Kestler Appeal,* 66 Pa. Commonwealth Ct. 1, 444 A.2d 761 (1982), that "the exception to the general run of law that an issue not previously raised may not be considered by [an] appellate court is where public policy is concerned." *Id.* at 4, 444 A.2d at 762. We do not believe, however, that important questions of public policy, such as those being addressed in *Kestler Appeal,* are present here. We will therefore grant the appellees' motion to dismiss.

### Order

Now, July 11, 1984, upon consideration of the appellees' Motion For Disposition Without Reaching The Merits Pursuant to Pa. R.A.P. 1972 and the Pennsylvania Liquor Control Board's answer thereto, said

motion is hereby granted, and the appeal of the Pennsylvania Liquor Control Board from the order of the Court of Common Pleas of Carbon County, dated February 22, 1984, is hereby dismissed.