Board of School Directors of the Chester-Upland School District, Appellant *v.* Denise Ashby et al., Appellees.

Argued June 6, 1985, before Judges MacPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Leo A. Hackett, Fronefield and deFuria,* for appellant.

*Thomas P. Hamilton, Jr.,* with him, *Leonard V. Tenaglia, Richard, DiSanti, Hamilton, Gallagher & Paul,* for appellees.

OPINION BY JUDGE COLINS, July 16, 1985:

The Board of School Directors of the Chester-Upland School District (appellant) appeals the decision of the Delaware County Court of Common Pleas reversing the order of the Board of School Directors of the Chester-Upland School District suspending six teachers in the Chester-Upland School District (appellees), and ordering that they be reinstated with back pay from August 31, 1981.

Appellees were suspended when appellant closed three elementary schools and one middle school at the end of the 1980-81 school year. The elementary schools include the first through fifth grades and the middle school encompasses the sixth through eighth grades. The Board of School Directors held hearings concerning the reorganization and furlough of teachers pursuant to §1125.1 of the Public School Code of 1949.[1] The Board determined, among other issues, that appellant could furlough teachers with more seniority who had taught only in elementary schools, while not furloughing teachers with less seniority who had taught in the middle school. No special certification is necessary for middle school teachers, other than that required for elementary school teachers. Appellants argued that because the situation after the reorganization would be chaotic, teachers familiar with the middle school procedures would be needed.

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, added by Section 3 of the Act of November 20, 1979, P.L. 465, 24 P.S. §11-1125(1) (Supp. 1984-85).

Also, they claimed that previously the elementary school teachers who had been assigned to middle schools, having no previous experience in the middle schools, had opted to return to elementary schools as soon as possible. After hearing these arguments, the Board decided in appellant's favor.

On appeal, the Court of Common Pleas of Delaware County reversed, holding that the suspension of professional employees is controlled exclusively by the seniority provision of §1125.1 of the Code, which requires that suspension of professional school district employees should be based solely upon seniority within the school district, not experience in a given class or level of education, provided that all of the employees possess the same certification. We agree.

Appellant claims that the case law gives the Board the authority to realign staff based upon teacher certification and seniority, but that the State Board's Certification Guideline #76 permits school districts a certain degree of discretion in staffing middle schools with elementary certified teachers. The case relied upon by appellants is *Godfrey v. Penns Valley Area School District*, 22 Pa. D. & C. 3d 466, aff'd 68 Pa. Commonwealth Ct. 166, 449 A.2d 765 (1982). Because the court declared that the school district in question was not required to realign its staff across lines of multiple certification to assure the continued employment of the more senior employees, the appellant contends that this gives the school district discretion in determining the realignment of staff. Appellees cite this same case as having the opposite meaning and quote:

> The spirit of the law, as amended, is undoubtedly to make seniority the sole criteria for determining what teachers are suspended when staff cuts are necessary. Along these lines, realignment must be undertaken when a suspended

teacher is certified to teach courses taught by persons with less seniority. In this case, Robert Godfrey is the least senior member of the music department and certified solely to teach music. The strict letter of the law reveals that Respondent School District has complied with the mandates of 24 P.S. §1125.1(c).

*Id.* at 473, (Lower court opinion also found at 449 A. 2d 769, Appendix).

This case demonstrates that the least senior members must be furloughed first. Although *Godfrey* concerns §1125.1(c), this mandate applies to (a) and (b) as well as (c) because the statute construed as a whole clearly indicates the intent by the legislature that the most senior teachers be furloughed last:

§11-1125.1 Persons to be suspended

(a) Professional employes shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment. Approved leaves of absence shall not constitute a break in service for purposes of computing seniority for suspension purposes. Seniority shall continue to accrue during suspension and all approved leaves of absence.

(b) Where there is or has been a consolidation of schools, departments or programs, all professional employes shall retain the seniority rights they had prior to the reorganization or consolidation.

(c) A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.

In *Ridley School District v. Ridley Educational Association,* 84 Pa. Commonwealth Ct. 117, 479 A.2d

641 (1984), we utilized the provisions in §11-1125.1(a) to compute seniority and determined that the provisions of this statute are to be followed for any teacher layoffs occurring after the effective date of November 20, 1979.

We must follow the mandate of the Statutory Construction Act which provides that when the words of a statute are not ambiguous, the letter of it cannot be disregarded under the pretext of pursuing its spirit.[2]

Accordingly, we affirm.

## ORDER

AND Now, July 16, 1985, the decision of the Court of Common Pleas of Delaware County dated January 24, 1984 is affirmed.

---

[2] Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).