508 A.2d 1319

In Re: Appeal of Jostens, Inc., From the Decision of The Board of Assessment and Revision of Taxes of Centre County. The Board of Assessment and Revision of Taxes of Centre County, Appellant.

Argued February 6, 1986, before Judges MacPhail, Doyle and Colins, sitting as a panel of three.

Robert K. Kistler, Miller, Kistler & Campbell, Inc., for appellant.

Anthony R. Thompson, Thompson, Somach & Vangilder, for appellee.

Opinion by Judge Colins, May 7, 1986:

The Centre County Board of Assessment and Revision of Taxes (Board) appeals a decision of the Court of Common Pleas of Centre County (trial court) reducing the Board's assessment of a parcel of land (parcel), taxes

on which are paid by Jostens, Inc. (Jostens). Jostens is a corporation with home offices in Minneapolis, Minnesota, doing business in the Commonwealth of Pennsylvania. The parcel was found by the trial court to belong to Jostens through a subsidiary known as the American Yearbook Company Division.

Situated on this parcel is an industrial structure, used for the manufacture of school year books. The parcel itself consists of approximately twenty (20) acres of land located in an industrial park. The Board's assessment as of January 1, 1984, was $169,753.00, from which Jostens took a timely appeal. The Board of Assessment Appeals (Appeals Board) of Centre County increased the assessment to $175,151.00.

Jostens then appealed to the trial court, which conducted a *de novo* trial in accordance with the provisions of The Fourth to Eighth Class County Assessment Law (Assessment Law).[1] After considering the testimony of an expert presented by each side, the trial court detemined that the fair market value of the parcel as of January 1, 1984, was $1,390,000.00 (1.39 million dollars) and that the current common level ratio of assessed value to current market value (common level ratio) as last determined by the State Tax Equalization Board (STEB) was 8.6%. Since the predetermined ratio of Centre County was 20%, and the common level ratio varied from it by more then 15%, the trial court proceeded to multiply the market value by the common level ratio in accordance with Section 704 of the Assessment Law.[2] This process yielded an assessment of $119,540.00.

---

[1] Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§5453.101-5453.706.

[2] 72 P.S. §5453.704.

The Board makes three arguments on appeal. Since we find none to be of merit, we will affirm the trial court.

The Board first contends that the trial court erred in utilizing the STEB common level ratio of 1984 rather than the 1983 STEB common level ratio. It argues that as a matter of law the trial court was required to utilize the common level ratio last determined and published by STEB before the assessment of January 1, 1984, which would be the 10.1% common level ratio of Centre County for calendar year 1982, published by STEB in 1983. Appellee Jostens urges that the trial court was correct in using the 8.6% common level ratio of Centre County for calendar year 1983, published by STEB in 1984. To resolve this controversy, we must briefly review the statutory language of the Assessment Law.

Section 704(b) of the Assessment Law[3] states that "[i]n any appeal of an assessment the court shall make the following determinations: (1) the current market value for the tax year in question; (2) the common level ratio." Section 702(b)[4] of the Assessment Law commands the Appeals Board to do the same thing in its original review of an assessment appeal. The phrase "common level ratio" is defined in Section 102 of the Assessment Law[5] as "the ratio of assessed value to current market value used generally in the county *as last determined* by the State Tax Equalization Board [STEB]. . . ." (Emphasis added.)

Appellant Board's argument is that since January 1, 1984, is the beginning of the tax year in question, the

---

[3] 72 P.S. §5453.704(b).

[4] 72 P.S. §5453.702(b).

[5] 72 P.S. §5453.102. The State Tax Equalization Board Law is set forth at Act of June 27, 1947, P.L. 1046, *as amended,* 72 P.S. §§4656.1-4656.17.

STEB ratio "last determined" means that the last STEB figure published prior to that date is required to be used by the trial court and the Board throughout all phases of the assessment appeal. We disagree. This approach assumes that the common level ratio by the trial court must be the one published during the tax year in question. Our reading of the statute is that the Board and the trial court are free to use the common level ratio last determined by the STEB, even if that common level ratio is published the year subsequent to the tax year in question, so long as the tax year spans the calendar year which the last determined STEB ratio is reflecting values for.

First, we note that the language of Section 704(b)(2) does not contain the phrase "for the tax year in question" found in Section 704(b)(1) of the Act.[6] The omission of this language seriously undercuts the Board's argument that the STEB common level ratio to be utilized must be published in the tax year in question. Nor is there an identifiable tax year to which a STEB-determined common level ratio would correspond, as calendar years and not tax years are the basis of STEB calculations. *See* Section 7(9) of the State Tax Equalization Board Law.[7] Since the common level ratio calculated by STEB is based on the prior calendar year, the Board's argument that the common level ratio used by the trial court in a de novo assessment appeal must be published during the tax year for which market value is being calculated seems inapposite. Had the legislature intended to bind the trial court to estimating the common level ratio for the tax year in question by using the common level ratio published during that tax year, it could have so stated in the Assessment Law. Instead, it directed the trial court to use calendar year based calculations made by STEB, so long as they were the "last determined" calculations. Because a common level

ratio published in the current calendar year would reflect values from the prior calendar year, and the tax year overlaps either of two calendar years, the court should be able to simply use the ratio "last determined," so long as the calendar year for which the values were drawn is spanned by the tax year in question. The law on its face seems to clearly reject the reading offered by appellant Board, and where a statute is unambiguous, we cannot disregard the letter of the law in pursuing its spirit. *See Board of School Directors of the Chester-Upland School District v. Ashby,* 90 Pa. Commonwealth Ct. 405, 409, 495 A.2d 665, 667 (1985).

Once we dismiss the contention that the STEB common level ratio to be used must be published in a particular tax year, we proceed to note that the trial court has discretion under Section 704(b) of the Assessment Law[8] to make a "determination" of the common level ratio. That determination is a grant of discretion to the trial court, limited only by the definitional restriction on the phrase "common level ratio" set forth in Section 102 of the Assessment Law.[9] In our view, this discretion to make a determination extends to determining which is the most recent STEB common level ratio available as of the time of appeal. That would be the ordinary meaning of the phrase "as last determined" used in Section 102 of the Assessment Law.

Here, between the time of the Appeals Board review and the trial court's review, STEB published in 1984 a common level ratio of 8.6% for Centre County for the 1983 calendar year. The Appeals Board had used a common level ratio of 10.1% for Centre County, pub-

---

[6] 72 P.S. §5453.704.

[7] 72 P.S. §4656.7(9). *See* note 4.

[8] 72 P.S. §5453.704(b).

[9] 72 P.S. §5453.102.

lished by STEB in 1983, which was for the 1982 calendar year. It appears to us that using the most recent common level ratio available at the time of the trial court hearing of the appeal, in this case the 8.6% figure published in 1984 by STEB, would fall within the statutory discretion of the trial court to utilize the common level ratio "as last determined" by STEB. This would be true because the tax year in question spans both the 1982 and 1983 calendar years for which STEB published figures in 1983 and 1984, respectively. The court was free to use either figure, so long as the one used was the most recent STEB figure available as of the time of the appeal. Had the 1984 figures been unavailable, then the 1983 figures could be used. But since the 1984 figures were published, the court was bound by the statute to use them. Consequently, the Board's argument in this regard must be rejected. Nor is the Board's uniformity argument persuasive, first because the issue was not raised below and is not timely on appeal, *see Pennsylvania Liquor Control Board Appeal,* 83 Pa. Commonwealth Ct. 598, 478 A.2d 155 (1984), and second because the burden of proving a uniformity challenge is on the challenging party, *Bonin Reassessment Appeal,* 65 Pa. Commonwealth Ct. 278, 281, 442 A.2d 43, 45 (1982).

The Board next argues that Jostens lacked standing to prosecute its appeal to the trial court because Jostens is allegedly not the owner of the parcel in question. The Board cites in this regard *Marcus Hook Development Park, Inc. v. Board of Assessment Appeals,* 68 Pa. Commonwealth Ct. 229, 449 A.2d 70 (1982). This case is inapplicable here as it purports to deal with provisions of the General County Assessment Law[10] while the in-

---

[10] Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§5020.101-5020.520. However, we note that the provisions actually construed in *Marcus Hook* were not actually promulgated as part

stant matter is governed by The Fourth to Eighth Class County Assessment Law.[11]

The Appeals Board, in increasing the assessment from $169,753.00 to $175,151.00, came to a factual determination that taxpayer Jostens, Inc. was the owner of the parcel, as did the trial court in this matter. Moreover, the assessment card, on file in the office of the Board of Assessment and Revision, clearly identifies "Josten's, Inc. Attn: Tax Dept." as the addressee of all taxation correspondence. This circumstance along with the other evidence of record persuades us that substantial evidence supported the determination of the trial court that Jostens owned the parcel. The findings of the trial court in tax assessment appeal cases must be given great force and will not be disturbed unless clear error appears. *See Callas v. Armstrong County Board of Assessment,* 70 Pa. Commonwealth Ct. 272, 275-76, 453 A.2d 25, 26 (1982). Consequently, the standing argument must fail because the factfinder determined that Jostens was the parcel owner.

Concerning the value of the property, the Board argues that the testimony of its expert was more credible than the testimony of Jostens' expert on the issue of market value, and that the trial court erred in allegedly splitting the difference between estimates of these two experts. The Board's theory of the trial court's duty in a tax assessment appeal appears to be that the trial court must agree with one witness or the other, and accept that witness' estimate of market value in toto. This argument is completely misplaced.

The duty of the trial court in hearing a tax assessment appeal *de novo* is to independently determine the

---

of the General County Assessment Law but as Sections 8 and 9 of the Assessments in Counties of the Third Class Law, Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §§5349, 5350.

[11] *See* note 1.

fair market value of the parcel on the basis of the competent, credible and relevant evidence presented by the parties. *See Kriebel Tax Assessment Case,* 79 Pa. Commonwealth Ct. 466, 470-71, 470 A.2d 649, 652 (1984); Section 704(b)(1) of the Assessment Law.[12] Our scope of review in reviewing the trial court's market value determination is limited to whether or not the trial court committed an error of law or abused its discretion in calculating the fair market value of the property in question. *Appeal of Mellon Bank,* 78 Pa. Commonwealth Ct. 463, 467 A.2d 1201 (1983). The trial court is the finder of fact and must weigh the evidence, and its determination will not be disturbed because market value is a factual question to be determined by the trial court on the basis of expert testimony. *Bonin Reassessment Appeal,* 65 Pa. Commonwealth Ct. at 280, 442 A.2d at 45 (1982). The findings of the trial court must be given great force and will not be disturbed unless clear error appears or there is an abuse of discretion or lack of supporting evidence. *Strawbridge & Clothier, Inc. v. Board of Assessment Appeal of Delaware County,* 89 Pa. Commonwealth Ct. 198, 201, n. 2, 492 A.2d 108, 109, n. 2 (1985).

In our view, the Board's argument is merely a challenge to the trial court's decision to accept as more credible and more weighty the opinion and methodology advanced by the expert witness for Jostens. The trial court devoted its opinion at length to an explanation of why it found each of the two witnesses credible, or not credible, and in what regard, and the methodology by which it came to estimate the actual market value of the parcel was buttressed by substantial evidence based on the record before us. As such, the Board's argument is a mere credibility challenge and must be rejected. *See*

---

[12] 72 P.S. §5453.704(b)(1).

*Appeal of Penn Plastic, Inc.,* 62 Pa. Commonwealth Ct. 179, 183, 435 A.2d 943, 944 (1981).

For all the above reasons, the decision of the trial court is affirmed.

ORDER

AND NOW, this 7th day of May, 1986, the decision of the Court of Common Pleas of Centre County, at Docket No. 84-355, dated April 18, 1985, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

The taxpayer is appealing from an order of the Centre County Board of Assessment and Review of Taxes (Board). Such appeals are authorized by Section 704(a) of The Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.704(a), for persons who feel aggrieved by the *Board's* order. Although the trial court is obligated by subsections (b) and (c) of Section 704 of the Law, 72 P.S. §5453.704(b) and (c), to determine the current market value for the tax year in question and the common level ratio in order to arrive at the assessed value of the property in question, it is the Board's order that is the subject of the appeal.

Here, the Board, which was likewise obligated to determine the current market value for the tax year in question and the common level ratio, *see* Section 702(b) of the Law, 72 P.S. §5453.702(b), correctly used the last common level ratio available to it from the State Tax Equalization Board (STEB). It is true that that figure was for the calendar year 1982 but the Board was required to use it by virtue of the language defining "common level ratio" in Section 102 of the Law, 72 P.S. §5453.102. Although the majority's reasoning that the

trial court also used the last figure established by the STEB and that figure more accurately related to the tax year in question has merit, I do not believe it was the Legislature's intent that taxpayers could lodge appeals from real estate assessments solely in the hope that they would benefit from a later and lower STEB figure; rather, I believe the intent of the Legislature was to provide a remedy for persons aggrieved by the Board's order. It would be incumbent upon the taxpayer, therefore, to prove either that the Board arrived at an incorrect current market value or used an incorrect common level ratio or an incorrect established predetermined ratio. It is only the common level ratio that is challenged here.

I would hold that the Board's detemination of that figure was correct and that the order of the trial court must be reversed.