535 A.2d 301

In Re: Appeal of Town & Country Motel, Inc. Town & Country Motel, Inc., Appellant.

Argued October 8, 1987, before Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Robert N. Pierce, Jr.,* for appellant.

*Patrick G. Clair,* with him, *Thomas M. Rutter, Jr.,* for appellee, Gateway School District.

*James J. Dodaro,* County Solicitor, with him, *Ira Weiss,* Deputy County Solicitor, for appellee, Allegheny County.

*William J. Fahey,* for appellee, The Board of Property Assessment, Appeals and Review.

OPINION BY JUDGE MACPHAIL, January 6, 1988:

Town and Country Motel, Inc. (Appellant) appeals from a decision of the Court of Common Pleas of Allegheny County (trial court) which determined the fair market value (fmv) of a multi-tenant strip shopping center owned by Appellant (subject property) for the tax years 1974 through 1986. We affirm.

The fmv of the subject property was determined by the Board of Property Assessment, Appeals and Review

of Allegheny County (Board) for the tax years 1974 through 1986. Following this assessment, both Appellant and the taxing authorities[1] appealed to the court of common pleas. Appellant filed three appeals; the first was an appeal of the fmv assessment of parcel Number 743H283 for tax years 1974 through 1976, the second pertained to the same property but was for tax years 1977 through 1986 and the third pertained to the fmv assessment of parcel Number 743G3, an adjacent piece of property Appellant owned, for tax years 1977-1986. The taxing authorities appealed the fmv assessment of parcel Number 743H283 only for 1977 through 1986. The taxing authorities did not appeal the fmv assessment of parcel Number 743G3, although it appears that both parties were referring to both parcels of property as one in this appeal.

The parties stipulated that for tax years 1974 through 1979, the ratio of assessment to market value was 50 percent and for the tax years 1980 through 1986, the ratio of assessment to market value was 25 percent. The parties also stipulated that both parties' witnesses were qualified as expert appraisers.

Following a de novo hearing, the trial court issued its findings of fmv for the subject property for tax years 1974 through 1986. The present appeals followed.

In a case such as this, we must affirm the trial court's findings of fmv unless it has made a clear error of law, abused its discretion or made a critical factual finding which lacks supporting evidence. *In Re: Appeal of*

---

[1] The taxing authorities are Allegheny County, the Gateway School District and the Municipality of Monroeville. From our review of the record it appears that all three taxing authorities participated before the Board, but only the Gateway School District and Allegheny County participated in the appeals before the Court of Common Pleas and this Court.

*Jostens, Inc.,* 97 Pa. Commonwealth Ct. 106, 508 A.2d 1319 (1986).

Appellant first argues that the trial court erred in permitting the admission of expert testimony by the taxing authorities of fmv for tax years 1974 through 1976 because at the close of Appellant's expert witness' direct testimony, the taxing authorities moved for the dismissal of Appellant's appeal for tax years 1974 through 1976 because Appellant's evidence failed to rebut the presumed validity of the Board's fmv assessment. The taxing authorities also moved to have Appellant's expert's testimony stricken in toto because it did not contain testimony as to "figures, . . . income, expenses, cap rates, . . . methodology of obtaining cap rates. . . ."[2] Appellant asserts that although the trial court did not expressly rule on the first motion, it is clear from the record that the trial court granted it thereby rendering the admission of evidence of fmv for those years improper. We disagree.

Our review of the record reveals that at no time did the trial court rule on either of the taxing authorities' two motions. Appellant points to certain statements made by the trial court which followed the submission of the two motions to support its argument that the first motion was implicitly granted.[3] However, neither the

---

[2] Notes of Testimony (N.T.) from April 14, 1986 at 32, Reproduced Record (R.R.) at 55a.

[3] After the first motion (to dismiss Appellant's appeal for 1974 through 1976) was made, the court asked the taxing authorities if they had appealed the Board's fmv assessment for 1974 through 1976. The taxing authorities responded that they had not to which the court responded "okay." N.T. at 31-32, R.R. at 54a-55a. Thereafter, the taxing authorities moved to strike Appellant's experts' testimony in toto to which the court replied, *inter alia,* "[w]e make no decision with respect to your *motion* now. We will take it under advisement. . . ." N.T. at 33, R.R. at 56a.

language cited to us by Appellant nor any other language in the record leads us to believe that either of the taxing authorities' motions was ever ruled on, implicitly or otherwise. Accordingly, we reject this argument.

Appellant next argues that the trial court erred in determining the fmv for the years 1977 through 1986 because neither expert witness presented testimony which was "substantial enough" to support a finding of fmv. Specifically, Appellant asserts that neither expert witness presented any rationale as to the derivation of the figures they used in evaluating the fmv of the subject property and, therefore, the trial court could not base its own findings of fmv on that evidence.

We note that the parties stipulated that both witnesses were qualified as expert appraisers and each expert testified that they personally inspected and appraised the subject property and they each provided some detail as to their methods of calculating fmv. Appellant has provided us with no authority,[4] and our research has disclosed none, which supports Appellant's contention that this expert testimony is incompetent to support a finding because it lacks a greater degree of detail. Rather, we believe the degree of detail included in an expert witness' testimony, as was recognized by the trial court in this case, affects the weight and credi-

---

Appellant argues that when the trial court said "okay" earlier, it was granting the taxing authorities' first motion and the trial court's later reference to "motion" rather than "motions" makes it clear that it had already granted the first motion.

[4] Appellant calls our attention to *Harrisburg Park Apartments, Inc. Appeal,* 88 Pa. Commonwealth Ct. 410, 489 A.2d 996 (1985), in support of this argument. In *Harrisburg Park,* however, we determined that the trial court had erred because it failed to perform its duty to make its own, independent, findings of fmv. We did not determine there that the expert testimony was incompetent or inadmissible for any reason. Accordingly, *Harrisburg Park* does not support Appellant's argument.

bility of the evidence, but not its admissibility. Accordingly, we reject Appellant's argument.

Appellant next argues that the trial court erred in that it relied upon the experts' testimony, neither of which used the "cost approach," which is one of the three methods the Board is required by law to consider in making its property value assessments.[5] Appellant contends that since the Board is required to consider all three approaches, the trial court, in conducting its de novo review, must also be required to consider the three approaches which it could not have done here since the experts' testimony did not address all three methods.

In *City of Pittsburgh Appeal*, 92 Pa. Commonwealth Ct. 15, 498 A.2d 459 (1985), a case factually similar to that at bar, we stated that an expert witness' failure to utilize all three approaches to valuation could affect the weight to be given the testimony but it did not render the testimony incompetent. We further stated that the law only required that the *Board* consider all three approaches to valuation. Accordingly, we conclude that the expert witnesses' testimony was admissible and competent to support the trial court's findings of fmv even if the experts did not testify with respect to all three approaches to valuation.

Finding no abuse of discretion or error of law and having found substantial evidence which supports the trial court's findings of fmv, we affirm its order.

### ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

[5] *See* Section 4 of the Act of June 21, 1939 (Act), P.L. 626, *as amended*, added by Section 2 of the Act of December 13, 1982, P.L. 1186, 72 P.S. §5452.4(a.2).