**MILLER DEVELOPMENT CORP. and Aaron B. Peachey, an individual, d/b/a Nehemiah Partnership, Appellants**

v.

**UNION TOWNSHIP MUNICIPAL AUTHORITY and Municipal Authority of the Borough of Lewistown.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1995.

Decided Oct. 18, 1995.

F. Stephenson Matthes, for appellant.

Joseph E. Sikorsky, for appellee Union Township Municipal Authority.

John McN. Cramer for appellee Municipal Authority of the Borough of Lewistown.

Before COLINS, President Judge, and NEWMAN, J., and LORD, Senior Judge.

NEWMAN, Judge.

Nehemiah Partnership and its partners Miller Development Corporation and Aaron B. Peachey (collectively, Nehemiah) appeal the order of the Court of Common Pleas of Mifflin County (trial court) that sustained a preliminary objection of Municipal Authority of Lewistown (Lewistown) and Union Township Municipal Authority (Union) and dismissed Nehemiah's complaint. We affirm.

This case originated as a dispute involving the construction of a water main extension. On May 13, 1991, Nehemiah entered into a water main extension agreement (Agreement) with Lewistown. The Agreement provided that: (1) Nehemiah would construct, at its own cost and expense, an extension of an existing water main and would install further mains within the Olde Carriage Crossing subdivision in Brown Township, Mifflin County; (2) all labor performed and all materials used by Nehemiah or on its behalf in installing the water main was to comply with general specifications provided by Lewistown; (3) Lewistown would have the right to extend the water main, to make branch connections to it, and to renew or enlarge it; and (4) any water mains constructed under this Agreement by Nehemiah would become the property of Lewistown upon completion and dedication.

Nehemiah constructed water main extensions pursuant to the Agreement, incurring labor and material expenses in the amount of $171,267.87. No cost was incurred by Lewistown. In early 1992, Nehemiah executed a Deed of Transfer transferring possession and control of this water main extension to Lewistown.

On May 1, 1993, Lewistown and Union entered into an agreement that provided that Union would connect into the water main extension constructed by Nehemiah and proceed with further construction to provide wa-

ter service to the village of Belleville in Union Township.

By Act of December 19, 1990, P.L. 1227 (Act 203), the Pennsylvania Legislature amended section 4(B) of the Municipality Authority Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. § 306(B) (the Act). Act 203 provides for reimbursement to a party who constructs a water main extension in the form of tapping fees and other payments so that the constructing party can recoup some of its expenses when others benefit from the construction. Lewistown and Union have collected tapping fees from property owners who use the water main extension. Nehemiah has not been reimbursed or compensated from the tapping fees.

Nehemiah filed a Complaint in Equity in the trial court on May 23, 1994 to reclaim some of its expenses in constructing the water main extension pursuant to Act 203. Lewistown and Union filed preliminary objections in the nature of a demurrer on June 13, 1994. In response, Nehemiah amended its complaint on July 1, 1994, asserting that Lewistown and Union failed to provide a reimbursement agreement for Nehemiah's costs incurred in construction of a water main pursuant to Act 203. Lewistown and Union again filed preliminary objections in the nature of a demurrer.

Following the submission of briefs and oral argument, the trial court sustained Lewistown's preliminary objections and dismissed Nehemiah's complaint in an order dated October 17, 1994. The trial court's subsequent opinion filed December 7, 1994 does not list specific reasons for the ruling, but states: (1) that the court's reasons for its order are set forth in the record within Lewistown's brief in support of preliminary objections; and (2) the court adopted the arguments and authorities presented in Lewistown's brief as the basis for the order dismissing the amended complaint. Nehemiah now appeals the trial court's ruling.

On appeal, we are presented with the following two issues: (1) whether the trial court erred in concluding that Act 203 does not govern the Agreement or the subsequent agreements for extension and tapping fees;

and (2) whether the trial court committed error or abused its discretion in granting Lewistown and Union's preliminary objections, adopting Lewistown and Union's brief, and dismissing Nehemiah's complaint.

■ First, we are faced with the question of whether the trial court properly interpreted Act 203 by holding that it did not govern the Agreement. Act 203 contains the following language:

Section 2. Notwithstanding section 4 of this act, this act shall apply immediately to any connection, customer facilities, tapping or similar fees which are increased or initially imposed subsequent to the date of final enactment.

Section 3. This act shall not affect any existing agreement which relates to the subject matter of this act. The provisions of section 4B(z.1) of the act shall be applicable to any agreement for extension of a sewer or water system of an Authority entered into after the effective date of this Act.

Section 4. This act shall take effect in 180 days.

Act 203 was enacted on December 19, 1990. Its effective date was therefore June 17, 1991, five weeks after the Agreement was entered into by Nehemiah and Lewistown on May 13, 1991. The statute's language indicates that there are two dates at which different provisions of the statute become effective. First, under Section 3, the general provisions of Act 203 will apply only to an agreement to extend a water or sewer main where the agreement is entered into after June 17, 1991. Second, under Section 2, Act 203 applies to any connection fees, customer facilities fees, tapping or similar fees (collectively, tapping fees) increased or initially imposed after December 19, 1990.

Nehemiah argues that because the language of Section 3 provides that any agreement entered into after the effective date of the Act is subject to the reimbursement provisions of Section 4B(z.1) of the Act, reimbursement is due here for tapping fees collected pursuant to the arrangements between the other property owners and Union and Lewistown because those arrangements were

made after the effective date of the Act. Appellant's Brief, at 7, 10–11. We disagree.

■ Nehemiah's argument betrays several flaws in its reading of Section 3. First, Section 3 does not refer to tapping fees arrangements. In fact, a reading of the Act indicates that tapping fees do not result from agreement or contract, but are merely imposed as a utility charge by the municipal authority. Further, the plain language of Section 3 limits its reference to

> any agreement for extension of a sewer or water system of an Authority entered into after the effective date.

We conclude that the term "agreement" as used in the Act does not refer to tapping fees, but to agreements for the extension of sewer and water systems for governmental authorities.

Additionally, the plain language of Section 3 indicates that Act 203 shall not affect any existing agreement, but will apply only to agreements for sewer and water extension construction entered into after the effective date of the Act. Here, Nehemiah and Lewistown entered into their Agreement five weeks prior to the effective date of the Act. We conclude, then, that Section 3 does not apply to the parties here.

Next, Nehemiah alleges that under Section 2, Act 203 is applicable to any tapping fees imposed (1) by Lewistown on homeowners, (2) by Lewistown on Union, and (3) by Union on homeowners, because those fees were imposed subsequent to the enactment date of the Act. Again, we disagree.

Although Section 2 excludes itself from the effective date listed in Section 4, it does not contain a similar exclusion from the limiting language of Section 3, which states:

> [t]his act shall not affect any existing agreement which relates to the subject matter of this act.

The Agreement between Lewistown and Nehemiah existed before the effective date of Act 203. Therefore, we conclude from the limiting language of Section 3, above, that the Act does not affect the Agreement.

Nehemiah is therefore not entitled to funds for which it did not contract.

■ We turn now to Nehemiah's argument that the trial court committed legal error or abused its discretion in granting Lewistown and Union's demurrer. On review of a preliminary objection in the nature of a demurrer, our scope of review is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *David v. Commonwealth,* 143 Pa. Cmwlth. 161, 598 A.2d 642 (1991). We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Hawks by Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993).

Having determined that Act 203 does not apply to the parties or the Agreement presently before the Court, we conclude that Lewistown and Union's demurrer must be sustained as a matter of law. Accordingly, the trial court's ruling on this matter was proper.

■ Next, Nehemiah avers that the trial court erred in failing to specify any reasons for sustaining the preliminary objections, leaving Nehemiah without any indication of the basis of the order.

In its December 7, 1994 opinion, the trial court did not state the reasons for its decision, but merely adopted by reference the arguments and authorities set forth in Lewistown's brief in support of its motion. The opinion stated in relevant part:

> This brief statement is intended to comply with Pa.R.A.P. 1925 in so far as the order appealed from did not set forth the reasons for our ruling.[1]

> However, the reasons are set forth in the record within the 'Brief In Support Of Preliminary Objections Of Defendant Municipal Authority Of The Borough Of Lewistown To The Amended Complaint.' This court adopted the persuasive argument

---

1. We note that the trial court's order dated and filed October 17, 1994 contained only two sentences, one granting Lewistown's objections, the other dismissing the complaint. The order did not list any reason or reasons for either action.

and authorities therein as the basis for the order dismissing the amended complaint.

The form for trial court opinions issued in support of an order appealed is set forth in Pennsylvania Rule of Appellate Procedure 1925(a), which states as follows:

(a) **General Rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

Generally, our appellate courts have found that where the trial court did not satisfy the requirements of Rule 1925(a), the proper course is to remand to the trial court with instructions to prepare a proper opinion and return it to the reviewing panel. *See, e.g., Commonwealth v. Hicks*, 328 Pa.Superior Ct. 233, 476 A.2d 978 (1984); *Commonwealth v. Warlow*, 246 Pa.Superior Ct. 224, 369 A.2d 1293 (1977). However, we have held that where the rationale upon which the trial court's order was based was actually apparent, albeit minimally, from the record, it was not necessary to remand to the trial court for specific findings of fact or a more detailed opinion in support of the order. *Appeal of Mellon Bank, N.A.*, 78 Pa.Cmwlth. 463, 467 A.2d 1201 (1983).

We note that Pa.R.A.P. 1925(a) is satisfied as long as the trial court provides at least a short statement indicating the reasons for the ruling. Here, Lewistown's trial brief is preserved with the case record certified and transmitted by the trial court and, hence, the reasons for the trial court ruling can be derived from that document. Upon review of Rule 1925(a) and the opinion at issue, we conclude that the trial court satisfied the letter of that rule by filing "at least a brief statement, in the form of an opinion, of the reasons for the order, or of the rulings or other matters complained of." Pa.R.A.P. 1925(a). We do not believe, therefore, that the case need be remanded. However, we echo the words of this Court's opinion in *Mellon Bank*, where we stated:

We would emphasize, of course, that effective appellate review can be more readily accomplished when the order of the trial court is accompanied by detailed findings of fact, conclusions of law, and relevant legal discussion. And, although, in the interests of judicial economy, we will not remand this matter to the trial judge, we would strongly prefer that the common pleas judges would follow the prescription of Pa.R.A.P. 1925(a) and thereby avoid the type of problem presented on appeal.

467 A.2d at 1202. Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, October 18, 1995, we affirm the order of the Court of Common Pleas of Mifflin County dated October 17, 1994.