**Bud FREY, Appellant,**

v.

**BEAVER COUNTY TAX CLAIM BUREAU and Northern Hancock Bank & Trust Company.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1996.

Decided Dec. 27, 1996.

David E. Holland, Erie, for appellant.

Michael B. Jones, Assistant Solicitor, Beaver, for appellee, Beaver County Tax Claim Bureau.

Before FRIEDMAN and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Bud Frey (Appellant) appeals from an order of the Court of Common Pleas of Beaver County (trial court) sustaining the preliminary objections filed by the defendants in this case and dismissing Appellant's complaint. We affirm.

On September 12, 1994, Appellant purchased a parcel of real estate at a public upset tax sale conducted by the Beaver County Tax Claim Bureau (Bureau). At that time, Appellant was not aware that the property had been condemned and that a trailer park located on the property was closed due to a defective, on-site sewage treatment facility.

When Appellant learned these facts, he sought to have his money refunded, but the Bureau refused. Appellant filed a complaint in equity against the Bureau, averring that the Bureau knew of these defects but failed to disclose them. Appellant sought a rescis-

sion of the sale, a refund of his money and reimbursement for costs and counsel fees.[1]

The Bureau filed preliminary objections, averring that it has no legal obligation to advise a bidder at a real estate tax sale of a condemnation of the property or a defective sewage system. The Bureau further averred that properties sold at a real estate tax sale are sold without warranties, guarantees or representations as to the physical condition of the property.

The trial court noted that private sellers are required to disclose dangerous and material defects to prospective purchasers, but this duty has not been extended to apply where land is sold at a tax sale. The trial court reviewed the Act of April 21, 1856, P.L. 477, 72 P.S. § 5931, which states that the rule of caveat emptor applies in all public sales of land made by a county treasurer or county commissioners. The trial court concluded that there is no requirement under the Real Estate Tax Sale Law (Law)[2] that a purchaser at a tax sale be given a warranty or any other information about the property being sold. Accordingly, the trial court granted the Bureau's preliminary objections and dismissed the complaint against the Bureau.

On appeal to this Court,[3] Appellant first argues that the trial court erroneously applied the doctrine of caveat emptor, because this rule is not contained within the Law. Appellant maintains that where, as here, a county has accepted in its entirety the provisions of the Law, the Law becomes the exclusive authority governing the coun-ty's sale of land for taxes. *Richards v. Schuylkill County*, 399 Pa. 552, 161 A.2d 26 (1960). Since the doctrine of caveat emptor is not included in the Law, but appears elsewhere, Appellant maintains that it does not apply to property sold at a real estate tax sale.

However, the Bureau responds that this same logic precludes the imposition of a duty to disclose which also is not contained in the Law.

Appellant also argues that the rule cannot apply because the sale here was not made by a county treasurer or commissioner. The Bureau cites Section 201 of the Law, 72 P.S. § 5860.201, which establishes a tax claim bureau in each county in the office of the county commissioners; the Bureau argues that this is a public sale of land by the county commissioners, because the tax claim bureau is an arm of the commissioners serving in their stead.

Finally, Appellant argues that public policy requires that the Bureau be under an affirmative duty to disclose known material and dangerous defects of property sold. The Bureau posits a contrary public policy argument, i.e., the process of selling properties at a tax sale would be severely prejudiced if a duty of disclosure were placed upon the counties. The Bureau notes that thousands of properties are sold each year at tax sales and that the counties would be forced to investigate each in order to discover defects and lessen the costs of defending an increased number of set aside petitions.

---

**1.** Appellant also filed suit against Northern Hancock Bank & Trust Company (bank), which held a mortgage lien on the property at the time of the sale. The bank foreclosed on the property, naming Appellant as terre tenant. Judgment in foreclosure was entered and the property was scheduled for sheriff sale on November 14, 1995. In his complaint, Appellant averred that the bank was unjustly enriched because Appellant discharged $5308.04 in delinquent taxes when he purchased the property. Appellant sought to have the amount of delinquent taxes paid reimbursed.

The trial court noted that, at the time the complaint was filed, the bank had not yet purchased the premises, so that the bank could not have been unjustly enriched at the time this case was initiated. The trial court concluded that no authority exists to support Appellant's claim against the bank and sustained the bank's preliminary objections.

On appeal to this Court, Appellant does not pursue his action against the bank.

**2.** Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101—5860.803.

**3.** Our scope of review is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Miller Development Corp. v. Union Township Municipal Authority*, 666 A.2d 391 (Pa.Cmwlth.1995). We must accept as true all well pled allegations and material facts, as well as any inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *Id.*

The Law requires that bona fide purchasers of property at a public tax sale be given free and clear title to the conveyed property with respect to any tax claims, mortgages, liens, charges and estates. Section 609 of the Law, 72 P.S. § 5860.609. The Law contains no additional requirement that the Bureau provide warranties, guarantees or representations regarding the physical condition of the land. We agree with the Bureau that, if such a heavy burden were required, the legislature surely would have expressly set it forth in the Law.

Accordingly, we affirm the order of the trial court.

### ORDER

NOW, December 27, 1996, the order of the Court of Common Pleas of Beaver County, dated February 27, 1996, at Docket No.11922 of 1995, is affirmed.