IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,
    Appellant

    v.

Mike Zaken; Deputy Dialesandro;
Tracy Shawley; Irma Vihlidal; Capt.
Schrader; A.J. Morris; Lt. Stickles;
Sgt. Trout; B. Jordan; Kyle Guth;
Farley Toothman; Susan K. White;
and Sherry Wise

:
:
:
:
:   No. 1347 C.D. 2016
:   Submitted: May 5, 2017
:
:
:
:
:
:
:

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT      FILED: September 21, 2017

    Alton D. Brown (Brown), *pro se*, appeals an order of the Greene County Court of Common Pleas (trial court) that dismissed his complaint pursuant to Section 6602 of the statute commonly known as the Prison Litigation Reform Act, 42 Pa. C.S. §6602. On appeal, Brown contends that the trial court erred in dismissing his complaint as frivolous and abused its discretion in denying his request to proceed *in forma pauperis*. Because the trial court did not file a Rule 1925(a) opinion explaining its rationale, we are constrained to remand.

    On May 16, 2016, Brown filed a complaint in mandamus against employees of the Department of Corrections (Department Employees)[1] and several

---

[1] The named Department Employees are Mike Zaken, DSFM; Deputy Dialesandro, DSCS; Tracy Shawley, Grievance Coordinator; Irma Vihlidal, Chief Health Care Administrator; Captain
**(Footnote continued on the next page . . . )**

judicial officers.[2]  The complaint alleged that Brown was transferred to the State Correctional Institution at Greene (SCI Greene) in retaliation for civil and criminal complaints he had filed against the Department.  The complaint further alleged that Department Employees subjected Brown to physical and psychological abuse on numerous occasions by, for example, preventing him from accessing his legal files and property; delaying or denying him medical care; placing him on a diet; denying him access to the law library; using chemical gas on him; not giving him legal and hygiene packages; subjecting him to retaliatory searches and seizures; denying him access to his medical records; and falsifying documents related to him.  Complaint at 3-6, ¶9.

The complaint alleged that Judge Toothman, White, and Wise (collectively, Court Employees) supported the actions of Department Employees by hindering Brown's attempts to pursue civil remedies through the courts.  Complaint at 3, ¶8.  Specifically, the complaint alleged that Court Employees, *inter alia*, failed to acknowledge receipt of or docket his complaint and motion for preliminary injunction in an unrelated civil action; failed to act on a motion filed in that case in March 2015; refused to file his petition for review challenging denial of his private criminal complaint; and barred him from pursuing any further litigation against certain individuals without leave of court.  Complaint at 6-7, ¶10.

---

**(continued . . . )**
Schrader, RHU Commander; A.J. Morris, RHU Property Lieutenant; Lieutenant Stickles, RHU F-Block Lieutenant; Sergeant Trout, RHU F-Block Sergeant; B. Jordan, RHU F-Block Property Officer; and Kyle Guth, Medical Records Supervisor.

[2] The complaint named as defendants the Honorable Farley Toothman, President Judge of the Court of Common Pleas of Greene County; Susan K. White, Prothonotary; and Sherry Wise, Clerk.  They have not filed a brief in this appeal.

Brown sought mandamus relief on the basis that Department Employees had a mandatory duty to abide by the Department's rules and regulations; comply with the 1st, 8th and 14th Amendments of the United States Constitution, as well as the corresponding provisions of the Pennsylvania Constitution; and comply with state and federal health codes. Brown also asserted that Judge Toothman had a mandatory duty to abide by the Code of Judicial Conduct, enforce all court rules, and uphold Article VI, Section 3 of the Pennsylvania Constitution.[3] Likewise, White and Wise had a mandatory duty to uphold he Pennsylvania Constitution and had no authority to reject timely filed documents. In the complaint's prayer for relief, Brown sought declaratory and injunctive relief. He also filed a petition to proceed *in forma pauperis*.

On June 16, 2016, before any response to the complaint was filed, the trial court denied Brown's petition to proceed *in forma pauperis* and dismissed his complaint.[4] Order, 6/16/2016, at 1 (Dayich, J.); C.R. Item No. 5. The trial court stated the following two reasons for dismissing the complaint:

---

[3] This Section states, in relevant part:

> Senators, Representatives and all judicial, State and county officers shall, before entering on the duties of their respective offices, take and subscribe the following oath or affirmation before a person authorized to administer oaths.
>
> "I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity."

PA. CONST. art.VI, §3.

[4] On that same day, Judge Toothman *sua sponte* issued an order stating that all current and future matters regarding Brown's case be automatically referred to the Office of Court Administrator for assignment or reassignment. Order, 6/16/2016, at 1 (Toothman, J.); Certified Record (C.R.) Item No. 18.

*That* [Brown] has been deemed an abusive litigator by several courts pursuant to 42 Pa. C.S.[] §6602(f);[5]

*AND FURTHER* this court determines the complaint to be frivolous under 42 Pa. C.S.[] §6602(e)(2).[6]

Order, 6/16/2016, at 1; C.R. Item No. 5.

---

[5] Section 6602(f) of the Prison Litigation Reform Act states:

> (f) Abusive litigation.--If the prisoner has previously filed prison conditions litigation and:
>
>> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>>
>> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa. C.S. §6602(f). This provision is commonly referred to as the "three strikes rule."

[6] Section 6602(e) of the Prison Litigation Reform Act states:

> (e) Dismissal of litigation.--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
>> (1) The allegation of indigency is untrue.
>>
>> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.
>
> The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

42 Pa. C.S. §6602(e).

4

On July 5, 2016, Brown filed a notice of appeal, with an application to proceed *in forma pauperis* in his appeal. On that same day, Brown filed for reconsideration of the June 16, 2016, order and a motion for recusal of Judge Toothman. On July 19, 2016, the trial court denied Brown's petition to proceed *in forma pauperis*, stating that he "has been deemed an abusive litigator by several courts pursuant to 42 Pa. C.S.[] §6602(f)." Order, 7/19/2016, at 1 (Dayich, J.); C.R. Item No. 13.[7] The trial court reserved ruling on Brown's motion for reconsideration until he paid the appropriate court fees. *Id.* Subsequently, on August 4, 2016, the trial granted Brown *in forma pauperis* status for purposes of this appeal. Order, 8/4/2016, at 1 (Dayich, J.); C.R. 11. The trial court did not file an opinion in support of its June 16, 2016, order pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, PA. R.A.P. 1925(a).

On appeal,[8] Brown raises three issues.[9] First, he contends that the trial court's failure to file a Rule 1925(a) opinion explaining the reasons for its June 16, 2016, order has hindered his ability to frame his issues for his appeal and this Court's ability to conduct meaningful appellate review. Second, Brown contends that the trial court abused its discretion in denying his request for leave to proceed *in forma pauperis*. Third, Brown alleges that the trial court erred in dismissing his

---

[7] On that same day, Judge Toothman *sua sponte* issued an order that all current and future matters regarding this case be automatically referred to the Office of Court Administrator for assignment or reassignment. Order, 7/19/2016, at 1 (Toothman, J.); C.R. 12.

[8] In reviewing the trial court's decision, we must determine whether constitutional rights have been violated, the trial court abused its discretion, or the trial court committed an error of law. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n. 4 (Pa. Cmwlth. 2007).

[9] For purposes of this opinion, we have rearranged the order of Brown's issues on appeal.

5

complaint as frivolous under Section 6602(e)(2) of the Prison Litigation Reform Act, 42 Pa. C.S. §6602(e)(2).[10]

Brown first contends that he was prejudiced by the trial court's failure to file a Rule 1925(a) opinion setting forth the reasons for its decision dismissing Brown's complaint as frivolous and because he has been deemed an abusive litigator. Brown states the absence of a Rule 1925(a) opinion leaves him "without a meaningful context within which to make his arguments on appeal." Brown's Brief at 5. In addition, he asserts that this Court does not have sufficient information to conduct a meaningful review of the trial court's order.

Rule 1925 of the Pennsylvania Rules of Appellate Procedure establishes "procedures intended to produce trial court opinions that adequately address alleged errors on appeal, so that the appellate court has the benefit of the trial court's analysis on the precise issues raised." G. Ronald Darlington et al., PENNSYLVANIA APPELLATE PRACTICE §1925:1, Volume 20A (2016-2017 ed.); *see also* PA. R.A.P. 1925. To that end, Rule 1925(a)(1) requires the trial court to "file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." PA. R.A.P. 1925(a)(1).[11]

---

[10] Although Department Employees filed a brief in opposition to Brown's appeal, they do not address any of the arguments raised by Brown. Instead, Department Employees argue that this case is moot because the trial court granted him *in forma pauperis* status and he "was permitted to continue with the litigation at the lower court level despite the original [*in forma pauperis*] order because that order was vacated and further activity then took place." Department Brief at 10. The Department is mistaken. The trial court initially denied Brown's request for *in forma pauperis* status on appeal; thereafter, the trial court reversed course and granted him *in forma pauperis* status on appeal. This action by the trial court had no effect on its prior order of June 16, 2016, denying Brown's petition to proceed *in forma pauperis* before the trial court.

[11] Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure states:

**(Footnote continued on the next page . . . )**

The requirements of Rule 1925(a) are satisfied "as long as the trial court provides at least a short statement indicating the reasons for the ruling." *Miller Development Corporation v. Union Township Municipal Authority*, 666 A.2d 391, 395 (Pa. Cmwlth. 1995). Where, however, "the trial court [does] not satisfy the requirements of Rule 1925(a), the proper course is to remand to the trial court with instructions to prepare a proper opinion and return it to the reviewing panel." *Id*. "Only by this remand can the issues be properly framed after consideration and explanation by the court below." *Dresner v. Povlow*, 406 A.2d 350, 351 (Pa. Super. 1979).

Here, the trial court issued a conclusory order stating that Brown's complaint was frivolous under Section 6602(e)(2) of the Prison Litigation Reform Act. The trial court did not file a Rule 1925(a) opinion, and the reasons for its decision do not readily appear of record. Without an explanation of why the complaint is frivolous, this Court is unable to conduct meaningful appellate review of the trial court's order and Brown's issues on appeal. *See generally Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) ("The absence of a trial

---

**(continued . . . )**

(1) *General rule.*--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

If the case appealed involves a ruling issued by a judge who was not the judge entering the order giving rise to the notice of appeal, the judge entering the order giving rise to the notice of appeal may request that the judge who made the earlier ruling provide an opinion to be filed in accordance with the standards above to explain the reasons for that ruling.

PA. R.A.P. 1925(a)(1).

court opinion poses a substantial impediment to meaningful and effective appellate review.").[12] Accordingly, we must remand this case to the trial court to prepare a Rule 1925(a) opinion.

For the above stated reasons, the matter is remanded to the trial court with instructions to prepare a Rule 1925(a) opinion.

_____
MARY HANNAH LEAVITT, President Judge

Judge Cosgrove did not participate in the decision in this case.

---

[12] Additionally, if the trial court elects to dismiss Brown's complaint under the "three strikes rule" in Section 6602(f)(1) of the Prison Litigation Reform Act, it must first allow him the opportunity to pay the filing fee. *See Lopez v. Haywood*, 41 A.3d 184, 188 (Pa. Cmwlth. 2012). The trial court would also have to explain in its Rule 1925(a) opinion why any request by Brown for injunctive relief or a temporary restraining order does not satisfy the requirement in Section 6602(f) that such a request make a "credible allegation that the prisoner is in imminent danger of serious bodily injury." 42 Pa. C.S. §6602(f).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,  
                  Appellant  

        v.  

Mike Zaken; Deputy Dialesandro;  
Tracy Shawley; Irma Vihlidal; Capt.  
Schrader; A.J. Morris; Lt. Stickles;  
Sgt. Trout; B. Jordan; Kyle Guth;  
Farley Toothman; Susan K. White;  
and Sherry Wise  

:      
:      
:      
:   No. 1347 C.D. 2016

## **O R D E R**

AND NOW, this 21st day of September, 2017, the above-captioned matter is REMANDED to the Court of Common Pleas of Greene County with the instruction that it prepare an opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a) within thirty (30) days of the date of this Order.

The Chief Clerk shall send a copy of this Order to the Honorable Louis M. Dayich, Judge of the Court of Common Pleas of Greene County and to the Prothonotary of Greene County.

Jurisdiction retained.

_____  
MARY HANNAH LEAVITT, President Judge