# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kaleel Hinton, :
               Appellant :
              :
          v. : No. 1192 C.D. 2020
              : Submitted: April 30, 2021
Sergeant Beers, CO Nacoie, :
CO Steel, Nurse Denny, CO John Doe :
#1, CO John Doe #2, CO John Doe #3, :
CO John Doe #4, and Department of :
Corrections, sued in their individual :
and official capacities :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT[1]                          FILED: February 15, 2022

      Kaleel Hinton, *pro se*, appeals an order of the Court of Common Pleas of Greene County (trial court) that sustained the preliminary objection of Sergeant Beers and Corrections Officer Steel (collectively, Prison Employees) and dismissed Hinton's complaint.[2] Hinton seeks monetary damages for injuries he sustained while an inmate at the State Correctional Institution at Greene (SCI-Greene). Hinton's complaint alleges that Prison Employees failed to intervene when he was assaulted by other employees of the Department of Corrections (Department). Hinton also

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] The trial court previously dismissed the other named defendants from Hinton's complaint because they were not served. Trial Court Order, 12/19/2019, at 2.

seeks a declaratory judgment that Prison Employees' actions violated his rights secured by the United States Constitution and federal statute. The trial court held that Hinton's state law claims for damages were barred by sovereign immunity and that the federal claims were moot. We affirm the trial court's order dismissing Hinton's state law claims and vacate its order dismissing the federal claims.

On June 4, 2019, Hinton filed a complaint with the trial court alleging that on June 17, 2018, while housed in the secure residential treatment unit at SCI-Greene, an unidentified corrections officer antagonized Hinton by repeatedly calling him derogatory names, such as "rapist" and "special needs retard." Complaint ¶¶18-19. When the corrections officer opened Hinton's tray slot to serve him dinner, Hinton threw bodily fluids at him. *Id.* ¶20. Sergeant Beers thereupon entered Hinton's cell and ordered him to raise his hands. *Id.* ¶21. Confirming that Hinton did not have a weapon, Sergeant Beers left and returned with six other corrections officers, including Corrections Officer Steel. *Id.* ¶¶23-24. Hinton complied with all orders from the corrections officers while they handcuffed him and shackled his legs. *Id.* ¶¶25, 27. While Hinton was on his knees, a corrections officer jumped on Hinton's back and two others punched him in the back of his head and face. *Id.* ¶26. "All of this transpired in the presence of" Prison Employees. *Id.* Hinton sustained injuries to his face, mouth, and wrists, and a loss of vision in his left eye. *Id.* ¶¶28-30. Hinton suffered psychological injuries, including paranoia, anxiety and post-traumatic stress disorder. *Id.* ¶31.

On June 22, 2018, Hinton filed a grievance with the prison administration, which was denied because an investigation revealed that there was "no evidence" to substantiate the assault claim. *Id.* ¶33, Ex. M, Facility Manager

2

Decision, dated 12/19/2018. Hinton then filed the instant complaint with the trial court.

Based on the above-recited allegations, the complaint asserts intentional and negligent torts under state law as well as violations of the First and Eighth Amendments of the United States Constitution,[3] U.S. CONST. amend. I and VIII, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§12101-12213. Complaint ¶¶41-54. The complaint seeks a declaration that rights secured under federal law have been violated; compensatory damages in the amount of $50,000; punitive damages in the amount of $50,000; costs; and any other relief deemed just, equitable and proper. *Id*. ¶¶56-60.

On August 15, 2019, Hinton filed a motion for default judgment because Prison Employees did not answer his complaint. In response, the trial court convened a status conference, after which it gave Prison Employees 45 days to respond to Hinton's motion for default judgment. Trial Court Order, 12/19/2019, at 2. Prison Employees filed preliminary objections to Hinton's complaint and responded to Hinton's motion for default judgment.

In response to Hinton's motion for default judgment, Prison Employees asserted that they did not learn of Hinton's action until the status conference with the trial court. This was because Hinton did not serve his complaint on the Attorney

---

[3] The complaint does not explicitly reference 42 U.S.C. §1983. However, it alleges that Prison Employees, in their capacity as employees of the prison, violated Hinton's constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. §1983. Accordingly, we will treat Hinton's complaint as asserting Section 1983 claims.

General as required by Pennsylvania Rule of Civil Procedure 422(a).[4]  Because Hinton agreed to dismiss all defendants except Prison Employees, counsel for the Attorney General's Office agreed to represent Prison Employees to avoid further delay.

On February 24, 2020, the trial court issued an order denying Hinton's motion for default judgment.  Hinton appealed the trial court's order to the Superior Court, which quashed Hinton's appeal as interlocutory.  On August 4, 2020, the trial court held another status conference with the parties, noting that a decision on Prison Employees' preliminary objections would be forthcoming.

In their preliminary objections, Prison Employees asserted that Hinton's complaint should be dismissed for four reasons.  First, Hinton failed to exhaust his administrative remedies because he did not appeal the denial of his grievance.  Second, the complaint did not state a claim against Prison Employees because they were not involved in the assault and, in any case, the claim is barred by sovereign immunity.  Third, the complaint did not plead a Section 1983 civil rights claim because it did not allege the personal involvement of Prison Employees in the wrongdoing.  Further, Prison Employees are not public entities and, thus, cannot be held liable under the ADA.  Fourth, the complaint did not allege facts sufficient to support an award of punitive damages.

The trial court overruled the preliminary objection based on failure to exhaust administrative remedies, but it sustained the preliminary objection raising sovereign immunity and dismissed the complaint.  The trial court concluded that

---

[4] Rule 422(a) directs a party that names a Commonwealth agency or employee as a defendant to serve both the named defendant and the Attorney General.  PA.R.CIV.P. 422(a).  Failure to serve the Office of Attorney General deprives the trial court of personal jurisdiction over defendants.  *Reaves v. Knauer*, 979 A.2d 404, 410 (Pa. Cmwlth. 2009).

4

Prison Employees' objections to the federal claims and request for punitive damages were mooted by the dismissal of the complaint. Hinton appealed the trial court's order to this Court. In his Concise Statement of the Errors Complained of on Appeal, Hinton asserted that the trial court erred in dismissing all his claims against Sergeant Beers and Corrections Officer Steel based on sovereign immunity. Hinton Statement of Errors, 12/2/2020, at 2. In its opinion pursuant to Rule of Appellate Procedure 1925(a),[5] the trial court clarified that "[p]reliminary objections were granted based on sovereign immunity, but the Court also reviewed the [c]omplaint and noted no cause of action to move forward against [Prison Employees]." Trial Court 1925(a) Op., 12/22/2020, at 2. Hinton then appealed to this Court.

On appeal, Hinton raises three issues. First, he argues that the defense of sovereign immunity must be raised in an answer, not in preliminary objections. Second, he argues that sovereign immunity does not bar his claims against Prison Employees because they acted outside the scope of their employment when they allowed the assault to take place without intervening, in violation of Department policies. Third, he argues that sovereign immunity did not bar his Section 1983 claims against Prison Employees.

Our review on appeal from an order sustaining preliminary objections determines whether the trial court abused its discretion or committed an error of law. *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014). When reviewing

---

[5] Pennsylvania Rule of Appellate Procedure 1925(a)(1) provides, in part:

> upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, *if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order*, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA.R.A.P. 1925(a)(1) (emphasis added.)

preliminary objections, this Court considers as true all well-pleaded material facts set forth in the complaint and all inferences reasonably deducible therefrom. *Id*. As such review raises a question of law, our scope of review is plenary and standard of review is *de novo*. *Szoko v. Township of Wilkins*, 974 A.2d 1216, 1219 n.7 (Pa. Cmwlth. 2009).

We begin with Hinton's argument that the trial court erred in dismissing his complaint because Prison Employees were required to raise sovereign immunity as an affirmative defense. Under Pennsylvania Rule of Civil Procedure 1030(a),[6] the defendant's assertion of immunity is an affirmative defense that must be pled in a responsive pleading as new matter. However, courts allow an exception where the defense is "clearly applicable on the face of the complaint." *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (quoting *Sweeney v. Merrymead Farm, Inc.*, 799 A.2d 972, 975-76 (Pa. Cmwlth. 2002)). Where the plaintiff does not file a preliminary objection to the defendant's preliminary objection raising sovereign immunity, the court may rule on the defendant's sovereign immunity issue. *Minor*, 155 A.3d at 121; *Smolsky v. Pennsylvania General Assembly*, 34 A.3d 316, 321 n.7 (Pa. Cmwlth. 2011) (courts have ruled on preliminary objections raising sovereign immunity where a plaintiff did not object to improper procedure).

Here, Hinton responded to Prison Employees' preliminary objection and objected to their raising sovereign immunity as a preliminary objection. However, Hinton did not file his own preliminary objection to strike Prison Employees' preliminary objection. *Minor*, 155 A.3d at 121. Thus, Hinton waived

---

[6] It states, in relevant part, as follows:

> [A]ll affirmative defenses including but not limited to . . . *immunity from suit* . . . shall be pleaded in a responsive pleading under the heading "New Matter".

PA.R.CIV.P. 1030(a) (emphasis added).

his procedural challenge to Prison Employees raising sovereign immunity in a preliminary objection.

Next, Hinton argues that the trial court erred in holding that his state law claims were barred by sovereign immunity. Hinton argues that because Prison Employees did not act within the scope of their employment by allowing the assault to proceed, they are not immune from suit. A Commonwealth employee is protected by sovereign immunity only for conduct occurring within the scope of his employment. 1 Pa. C.S. §2310;[7] *Kull v. Guisse*, 81 A.3d 148, 157-58 (Pa. Cmwlth. 2013). Sovereign immunity has been waived in limited situations involving the negligence of a Commonwealth official or employee. 42 Pa. C.S. §8522.[8] This Court has explained as follows:

> [T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to 1 Pa. C.S. §2310 and 42 Pa. C.S. §8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether

---

[7] It states:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and *employees acting within the scope of their duties, shall continue to enjoy sovereign immunity* and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa. C.S. §2310 (emphasis added).

[8] The General Assembly has waived immunity to claims for "damages" brought against Commonwealth agencies and employees caused by: (1) vehicle liability; (2) medical-professional liability; (3) the care, custody or control of personal property in the possession of the Commonwealth; (4) Commonwealth-owned real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa. C.S. §8522(b).

7

the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within [1] of the [10] exceptions to sovereign immunity.

*La Frankie v. Miklich,* 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). In addition, an employee is liable for willful misconduct and intentional torts committed outside the scope of his employment. *Kull*, 81 A.3d at 157-58. An employee acts within the scope of his employment when he performs his assigned task; when the conduct occurs within the authorized time and place of employment; and when the conduct serves the employer. This conduct may include the use of force where the use of force is expected by the employer. *Justice v. Lombardo*, 208 A.3d 1057, 1067 (Pa. 2019) (citing RESTATEMENT (SECOND) OF AGENCY §228(1) (American Law Institute 1958)).

Hinton contends that Prison Employees were not acting within the scope of their employment when they failed to stop the assault. They contravened Department policies, specifically, the Code of Ethics[9] and the Policy Statement on

---

[9] PENNSYLVANIA DEPARTMENT OF CORRECTIONS CODE OF ETHICS, *available at*: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/Code%20of%20Ethics.pdf (last visited February 14, 2022) (CODE OF ETHICS). It states, in relevant part:

> 1. Each employee in the correctional system is expected to subscribe to the principle that something positive can be done for each inmate. This principle is to be applied without exception.
>
> This involves an intelligent, humane, and impartial treatment of inmates. Profanity directed to inmates, or vengeful, brutal, or discriminatory treatment of inmates will not be tolerated. Corporal punishment shall not be utilized under any circumstances.
>
> 2. Only the minimum amount of force necessary to defend oneself or others, to prevent escape, to prevent serious injury or damage to property or to quell a disturbance or riot will be used. Excessive force, violence or intimidation will not be tolerated. Fighting or horseplay while on duty is prohibited.

CODE OF ETHICS, §B.1-2.

Use of Force.[10]  Complaint ¶¶1-2, 15.  The assault far exceeded the requirement to use a "minimum amount of force" "to quell a disturbance."  CODE OF ETHICS, §B.2. Hinton contends that Prison Employees were "active participants" that neglected their "duty."  Hinton Brief at 4.  Accordingly, they are not protected by sovereign immunity.

Department policies allow employees to use force on inmates but only the "least amount" that is reasonably necessary to achieve the authorized purpose. USE OF FORCE POLICY at 2, §III.B.  The complaint alleges that unidentified corrections officers, not Prison Employees, used excessive force on Hinton. Complaint ¶26.  Although Hinton argues that Prison Employees' failure to intervene made them "active participants," he cites no authority for his position, such as a Department policy requiring intervention in the circumstances described in Hinton's complaint.  Hinton Brief at 4.

The complaint alleges that Prison Employees were present as members of a team assembled to extract Hinton from his cell, which was deemed necessary after Hinton threw bodily fluids at a corrections officer.  Complaint ¶¶20-26.  After Sergeant Beers confirmed that Hinton did not have a weapon, Prison Employees and others arrived on the scene wearing "military gear."  *Id.* ¶23.  Corrections Officer Steel held a portable camera to videotape the cell extraction.[11]  These averments

---

[10] COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, POLICY NO. DC-ADM 201:  USE  OF  FORCE  (2010),  *available  at*: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/201%20Use%20of%20Force.pdf (last visited February 14, 2022) (USE OF FORCE POLICY).  It states, in part, that "[w]hen force is used, the least amount of force the staff member reasonably believes is necessary to achieve the authorized purpose is to be used and the use of force will stop once control is achieved."  USE OF FORCE POLICY at 2, §III.B.

[11] To the extent that the cell extraction is considered a planned use of force, Department policy requires that the event be videotaped.  *See* USE OF FORCE POLICY at 3, §III.F ("Planned uses of

establish that Prison Employees participated in the cell extraction in the course of their employment. *See Spencer v. Proce* (M.D. Pa., No. 07-CV-1021, filed July 13, 2010)[12] (corrections officers acted within scope of employment when, on duty and in uniform, they removed inmate from prison cell). In short, the allegations in the complaint show that Prison Employees acted within the scope of employment when they participated in Hinton's cell extraction and, thus, Hinton's tort claims are barred by sovereign immunity.

In his third issue, Hinton asserts that the trial court erred by dismissing his federal claims. He alleges a violation of the First and Eighth Amendments to the United States Constitution and a violation of federal statute, *i.e.*, the ADA. After dismissing Hinton's state law claims based on sovereign immunity, the trial court explained that "[g]iven the Court's ruling with regard to sovereign immunity, we now determine that the final preliminary objection raised by [Prison Employees] is now MOOT." Trial Court Order, 10/23/2020, at 6. After Hinton filed his statement of errors complained of on appeal, the trial court clarified, "[p]reliminary objections were granted based on sovereign immunity, but the Court also reviewed the [c]omplaint and noted no cause of action to move against [Prison Employees]." Trial Court 1925(a) Op., 12/22/2020, at 2.

However, the trial court did not explain why Prison Employees' preliminary objection to the federal claims was moot. After Hinton appealed, the trial court ruled that Hinton's complaint did not state a viable federal claim, but it provided no analysis for this conclusion. This lack of analysis impedes appellate

___

force shall be videotaped."). Hinton acknowledges that Corrections Officer Steel videotaped the event as he submitted a request "to preserve camera footage of the incident." Complaint ¶¶24, 32.

[12] Unreported federal court decisions may be cited for their persuasive value. *Nagle v. TrueBlue, Inc.*, 148 A.3d 946, 959 n.15 (Pa. Cmwlth. 2016). We cite *Spencer* solely for its persuasive value.

review of the trial court's dismissal of the federal claims. In *Miller Development Corporation v. Union Township Municipal Authority*, 666 A.2d 391, 395 (Pa. Cmwlth. 1995), we explained that a short opinion is reviewable so long as reasons for the ruling can be discerned. There is no short statement here. Thus, we vacate the trial court's order dismissing the federal claims and remand the matter to the trial court to explain its ruling that the complaint failed to present a federal claim.

Based on the foregoing, we affirm the trial court's order dismissing Hinton's tort claims for damages based on sovereign immunity. We vacate the trial court's order sustaining Prison Employees' preliminary objection to the federal claims and remand the matter for the trial court to explain why Prison Employees' preliminary objection to the federal claims was moot or, alternatively, to rule on the objection and explain the basis for its ruling.

_____
MARY HANNAH LEAVITT, President Judge Emerita

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kaleel Hinton,                                    :
                    Appellant                      :
                                                   :
            v.                                      :      No. 1192 C.D. 2020
                                                   :
Sergeant Beers, CO Nacoie,                         :
CO Steel, Nurse Denny, CO John Doe                 :
#1, CO John Doe #2, CO John Doe #3,                :
CO John Doe #4, and Department of                  :
Corrections, sued in their individual              :
and official capacities                            :

## **ORDER**

AND NOW, this 15th day of February, 2022, the order of the Court of Common Pleas of Greene County dated October 23, 2020, is AFFIRMED, in part, and VACATED, in part, and this matter is REMANDED for further proceedings as set forth in the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita